Madalyn Murray O'HAIR et al.

v.

W. Michael BLUMENTHAL et al.

Civ. A. No. A–77–CA–166.

United States District Court,
W. D. Texas,
Austin Division.

April 17, 1978.

Barbara Allen Babcock, Asst. Atty. Gen., U. S. Dept. of Justice, David J. Anderson, Martha A. Fleetwood, Attys., U. S. Dept. of Justice, Washington, D. C., Jamie C. Boyd, U. S. Atty., W. Dist. of Tex., San Antonio, Tex., for defendants.

Judith P. Abbott, Austin, Tex., for plaintiffs.

ORDER

ROBERTS, Judge.

Defendants have moved to dismiss this suit, which makes various allegations concerning the constitutionality of the national motto "In God We Trust" and, specifically, the use of that motto on national coin and currency. Plaintiffs have first alleged that 36 U.S.C. § 186, the statute making "In God We Trust" the national motto, is unconstitutional in that it violates the free exercise and establishment clauses of the First Amendment. On the same grounds they challenge 31 U.S.C. §§ 324 and 324a, the statutes mandating the imprinting of the motto on the coin and currency of the United States. Plaintiffs have finally asserted that 18 U.S.C. §§ 331 and 333 violate the free speech and free exercise clauses of the First Amendment because they attach criminal penalties to the removal of the national motto from United States coin and currency. (The statutes last brought into question in fact generally prohibit the defacement of coin and currency.) These claims raise basically the same constitutional issues, and the Court will therefore not address the three claims separately, but rather will treat them as a whole.

■ The Court recognizes that to be valid under the establishment clause a challenged law must (1) reflect a clearly secular purpose, (2) have a primary effect that neither advances nor inhibits religion, and (3) avoid excessive government entanglement in religion.

■ That the challenged laws do not in fact run afoul of these proscriptions has in fact already been decided by the Ninth Circuit in the case of *Aronow v. United States*, 432 F.2d 242 (9th Cir. 1970). In that case the Ninth Circuit held that the "national motto and the slogan on coinage and currency "In God We Trust" has nothing what-

soever to do with the establishment of religion. Its use is of a patriotic or ceremonial character and bears no true resemblance to a governmental sponsorship of a religious exercise." 432 F.2d at 243. From this it is easy to deduce that the Court concluded that the primary purpose of the slogan was secular; it served a secular ceremonial purpose in the obviously secular function of providing a medium of exchange. As such it is equally clear that the use of the motto on the currency or otherwise does not have a *primary* effect of advancing religion. Moreover, it would be ludicrous to argue that the use of the national motto fosters any excessive government entanglement with religion. Thus we agree with the Ninth Circuit in concluding that no claim for relief has been stated in this complaint. As that Circuit noted, "[W]hile 'ceremonial' and 'patriotic' may not be particularly apt words to describe the category of the national motto, it is excluded from First Amendment significance because the motto has no theological or ritualistic impact." 432 F.2d at 243.

The Court notes that language in Supreme Court cases also indicates that the national motto, and its use on coin and currency, does not infringe on First Amendment rights. In *School District of Abington Township v. Schempp,* 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), which prohibited compulsory reading of the Bible in public schools, the Court recognized that in the national public life there are many manifestations of a belief in a Supreme Being which do not violate the First Amendment. As Justice Brennan explained in a concurring opinion, these various activities include the use of the motto "In God We Trust". "It is not that the use of these four words can be dismissed as 'de minimis' . . . The truth is that we have simply interwoven the motto so deeply into the fabric of our civil polity that its present use may well not present that type of involvement which the First Amendment prohibits." 374 U.S. at 303, 83 S.Ct. at 1614.

The Court has more recently spoken on the use of the national motto on coin and currency in the case of *Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), which held that a state, consistent with the First Amendment, could not require the display of a state motto on vehicle license plates. There the Court said:

It has been suggested that today's holding will be read as sanctioning obliteration of the National Motto, 'In God We Trust' from United States coins and currency. That question is not before us today but we note that currency, which is passed from hand to hand, differs in significant respects from an automobile, which is readily associated with its operator. Currency is generally carried in a purse or pocket and need not be displayed by the public. The bearer of currency is thus not required to publicly advertise the National Motto.

430 U.S. at 717, n. 15, 97 S.Ct. at 1436, n. 15.

The language of Justice Rehnquist, in his dissent, is especially relevant to Plaintiffs' claims that penalties for defacing the motto on the coins and currency are unconstitutional: "I cannot imagine that the statutes, see 18 U.S.C. §§ 331 and 333, proscribing defacement of U.S. currency impinge upon the First Amendment rights of an atheist. The fact that an atheist carries and uses U.S. currency does not, in any meaningful sense, convey any affirmation of belief on his part in the motto 'In God We Trust.' " *Id.* at 722, 97 S.Ct. at 1439.

For these reasons the Court is of the opinion that the complaint fails to state a claim upon which relief can be granted, and the complaint is therefore DISMISSED.