Anne N. GAYLOR, Annie Laurie Gaylor, Daniel E. Barker, Glenn V. Smith, Jeff Baysinger, Lora Attwood, the Freedom From Religion Foundation, Inc., and the Colorado Chapter of the Freedom From Religion Foundation, Inc., Plaintiffs–Appellants,

v.

UNITED STATES of America, United States Department of Treasury, Lloyd Bentsen, Secretary of the Treasury, Mary Ellen Winthrow, Treasurer of the United States, Defendants–Appellees.

No. 95–1033.

United States Court of Appeals, Tenth Circuit.

Jan. 23, 1996.

---

Robert R. Tiernan, Denver, Colorado, for Appellants.

Patricia A. Millett, Attorney, Appellate Staff Civil Division, Department of Justice, Washington, DC (Michael Jay Singer, with her on the brief) for the Appellees.

Before TACHA, LOGAN, and REAVLEY,* Circuit Judges.

---

* The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

TACHA, Circuit Judge.

Plaintiffs Anne N. Gaylor, Annie Laurie Gaylor, Daniel E. Barker, Glenn V. Smith, Jeff Baysinger, Lora Atwood, the Freedom from Religion Foundation, Inc., and the Colorado Chapter of the Freedom from Religion Foundation, Inc. (collectively "the Foundation") sued the United States, the Department of the Treasury, Secretary of the Treasury Robert E. Rubin, and Treasurer Mary Allen Winthrow seeking declaratory and injunctive relief against further use of the national motto, "In God we trust," and its reproduction on United States currency. The Foundation contends that the motto and its appearance on U.S. currency violate the Establishment Clause of the First Amendment. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and the Foundation appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

■ We review an order of dismissal pursuant to Fed.R.Civ.P. 12(b)(6) de novo. *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir.1994). The Tenth Circuit has not yet settled upon the appropriate standard of review for "constitutional facts" in Establishment Clause cases. *Robinson v. City of Edmond*, 68 F.3d 1226, 1230 n. 7 (1995). However, we do not feel compelled to resolve that question here because the facts in this case are insufficient to support the Foundation's claims under either a de novo or a clearly erroneous standard. In addition, we assume, without deciding, that the Foundation has standing to assert its claim.

■ The Foundation specifically challenges 36 U.S.C. § 186 (establishing the national motto "In God we trust"), 31 U.S.C. § 5112(d)(1) (requiring inscription of the motto on coins of the United States), and 31 U.S.C. § 5114(b) (requiring inscription of the motto on printed currency of the United States). We begin by analyzing these statutes under the test set forth in *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The *Lemon* test requires that, in order to be valid under Establishment Clause, a statute must (1) have a secular legislative purpose, (2) have a pri-

mary effect that neither advances nor inhibits religion, and (3) avoid excessive government entanglement with religion. *Id.* at 612–13, 91 S.Ct. at 2110–11. The statutes establishing the national motto and directing its reproduction on U.S. currency clearly have a secular purpose. *County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 625, 109 S.Ct. 3086, 3117, 106 L.Ed.2d 472 (1989) (O'Connor, J., concurring); *Lynch v. Donnelly*, 465 U.S. 668, 692–93, 104 S.Ct. 1355, 1369–70, 79 L.Ed.2d 604 (1984) (O'Connor, J., concurring); *id.* at 716–17, 104 S.Ct. at 1381–82 (Brennan, J., dissenting). The motto symbolizes the historical role of religion in our society, *Lynch*, 465 U.S. at 676, 104 S.Ct. at 1360, formalizes our medium of exchange, *see O'Hair v. Blumenthal*, 462 F.Supp. 19, 20 (W.D.Tex.), *aff'd sub nom. O'Hair v. Murray*, 588 F.2d 1144 (5th Cir. 1978) (per curiam), *and cert. denied*, 442 U.S. 930, 99 S.Ct. 2862, 61 L.Ed.2d 298 (1979), fosters patriotism, *see Aronow v. United States*, 432 F.2d 242, 243 (9th Cir.1970), and expresses confidence in the future, *Lynch*, 465 U.S. at 692–93, 104 S.Ct. at 1369–70 (O'Connor, J., concurring). The motto's primary effect is not to advance religion; instead, it is a form of "ceremonial deism" which through historical usage and ubiquity cannot be reasonably understood to convey government approval of religious belief. *Allegheny*, 492 U.S. at 625, 109 S.Ct. at 3117 (O'Connor, J., concurring); *Lynch*, 465 U.S. at 693, 104 S.Ct. at 1370 (O'Connor, J., concurring); *id.* at 716, 104 S.Ct. at 1381 (Brennan, J., dissenting). Finally, the motto does not create an intimate relationship of the type that suggests unconstitutional entanglement of church and state. *O'Hair*, 462 F.Supp. at 20. Thus the statutes establishing the motto and requiring its reproduction on U.S. currency easily meet the requirements of the *Lemon* test.

While *Lemon* is still good law, the Supreme Court has declined to apply the *Lemon* test in several recent Establishment Clause cases. *Capitol Square Review and Advisory Bd. v. Pinette*, —— U.S. ——, 115 S.Ct. 2440, 132 L.Ed.2d 650 (1995) (plurality opinion); *Board of Educ. of Kiryas Joel Village Sch. Dist. v. Grumet*, —— U.S. ——, 114

S.Ct. 2481, 129 L.Ed.2d 546 (1994); *Lee v. Weisman*, 505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992). Instead, the Court has focused on whether the challenged government action endorses religion, *Capitol Square*, —— U.S. at ——–——, 115 S.Ct. at 2447–48; *Lamb's Chapel v. Center Moriches Union Free Sch. Dist.*, 508 U.S. 384, ——, 113 S.Ct. 2141, 2148, 124 L.Ed.2d 352 (1993); *Allegheny*, 492 U.S. at 592, 109 S.Ct. at 3100, suggesting that the *Lemon* test is being supplanted by an "endorsement test." This shift of focus is particularly relevant to the case at hand because the Supreme Court has expressly prescribed the endorsement test for cases involving challenges to religious expression by the government itself. *Capitol Square*, —— U.S. at ——–——, 115 S.Ct. at 2447–48; *id.* at ——, 115 S.Ct. at 2452 (O'Connor, concurring).

■ In addition to satisfying the *Lemon* test, the motto and its appearance on U.S. currency also fulfill the requirements of the endorsement test. The standard for assessing whether a government practice endorses religion is whether "the reasonable observer" would view the practice as an endorsement. *Id.*, —— U.S. at ——, 115 S.Ct. at 2455 (O'Connor, J., concurring). The reasonable observer, much like the reasonable person of tort law, is the embodiment of a collective standard and is thus "deemed aware of the history and context of the community and forum in which the religious display appears." *Id.* at ——, 115 S.Ct. at 2455 (O'Connor, J., concurring).

■ The application of the reasonable observer standard helps explain why we reject the Foundation's insistence upon further factfinding at the trial level, including the introduction of expert testimony and polling data. We need not engage in such empirical investigation because "we do not ask whether there is *any* person who could find an endorsement of religion, whether *some* people may be offended by the display, or whether *some* reasonable person *might* think [the State] endorses religion." *Id.* (O'Connor, J., concurring) (quoting *Americans United for Separation of Church and State v. Grand Rapids*, 980 F.2d 1538, 1544 (6th Cir.1992) (en banc)) (emphasis and brackets in original). "[T]he endorsement inquiry is not about the perceptions of particular individuals or saving isolated non-adherents from the discomfort of viewing symbols of faith to which they do not subscribe." *Id.* (O'Connor, J., concurring). It is instead an objective inquiry that this court is fully equipped to conduct with the facts at hand. After making that inquiry, we find that a reasonable observer, aware of the purpose, context, and history of the phrase "In God we trust," would not consider its use or its reproduction on U.S. currency to be an endorsement of religion.

■ Our decision is confirmed by the statements of the Supreme Court and the decisions of other circuit courts that have addressed the question. The Supreme Court has noted, for example, that "[o]ur previous opinions have considered in dicta the motto and the pledge [of allegiance], characterizing them as consistent with the proposition that government may not communicate an endorsement of religious belief." *Allegheny*, 492 U.S. at 602–03, 109 S.Ct. at 3105–06; *see also id.* at 625, 109 S.Ct. at 3117 (O'Connor, J., concurring); *Lynch*, 465 U.S. at 693, 104 S.Ct. at 1369 (O'Connor, J., concurring); *id.* at 716–17, 104 S.Ct. at 1381–82 (Brennan, J., dissenting); *School District of Abington Township v. Schempp*, 374 U.S. 203, 303, 83 S.Ct. 1560, 1613, 10 L.Ed.2d 844 (Brennan, J., concurring); *Engel v. Vitale*, 370 U.S. 421, 449–50, 82 S.Ct. 1261, 1275–76, 8 L.Ed.2d 601 (Stewart, J., dissenting). While these statements are dicta, this court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements. *Pittsburg & Midway Coal Mining Co. v. Watchman*, 52 F.3d 1531, 1540 n. 10 (10th Cir.1995). Moreover, the two other circuit courts that have specifically addressed this question have held that the motto and its use on U.S. currency do not offend the Establishment Clause. *Aronow*, 432 F.2d 242; *O'Hair v. Murray*, 588 F.2d 1144 (5th Cir.1978) (per curiam), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2862, 61 L.Ed.2d 298 (1979).

We conclude, therefore, that the statutes establishing "In God we trust" as our nation-

al motto and providing for its reproduction on United States currency do not violate the Establishment Clause. Accordingly, we AF-FIRM.