F I L E D
United States Court of Appeals
Tenth Circuit

AUG 9 2001

PATRICK FISHER
Clerk

PUBLISH

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

v.

EFRAIN CARO,

　　　　　Defendant - Appellant.

No. 99-4229

## ORDER ON REHEARING

Richard A. Hostetler, Law Office of Marks and Hostetler, Denver, Colorado, for Defendant-Appellant.

Paul M. Warner, United States Attorney, Barbara Bearnson and Wayne T. Dance, Assistant United States Attorneys, Salt Lake City, Utah, for Plaintiff-Appellee.

Before **SEYMOUR** , **HENRY** , and **LUCERO** , Circuit Judges.

On consideration of the petition for rehearing filed by Plaintiff-Appellee the United States of America, the court finds and concludes as follows:

The government argues that our opinion erred in concluding that New York v. Class, 475 U.S. 106 (1986), and United States v. Miller, 84 F.3d 1244 (10th Cir. 1996), which relied upon Class, control this case. It contends that the

relevant holdings in <u>Class</u> and <u>Miller</u> were dicta, and that those cases were factually inapposite. However, because we accord great weight to the dicta of the Supreme Court, it was not error to rely upon dictum in <u>Class</u> in considering the applicability of <u>Class</u> and <u>Miller</u> to the facts before us. See <u>Gaylor v. United States</u>, 74 F.3d 214, 217 (10th Cir. 1996) ("[T]his court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings . . . ."). Our opinion reasonably construed those cases.

The government also argues that our holding impermissibly considered Trooper Avery's "subjective" intent to examine a doorjamb VIN, because Trooper Avery's actions were objectively justifiable under <u>Pennsylvania v. Mimms</u>, 434 U.S. 106 (1977), <u>Texas v. Brown</u>, 460 U.S. 730 (1982), and <u>Whren v. United States</u>, 517 U.S. 806 (1996). According to the government, Trooper Avery had the authority under <u>Mimms</u> to order Mr. Caro out of his car. When Mr. Caro exited his car, its doorjamb was exposed to view, meaning Trooper Avery could legally view it under <u>Brown</u>. As a consequence, the government argues that under <u>Whren</u>, it is irrelevant that Trooper Avery intended to look for a doorjamb VIN when he asked Mr. Caro to exit his vehicle, as the order to exit was objectively permissible under <u>Mimms</u>.

This theory, which was not raised in the government's brief on appeal, is a more serious objection to our holding. In considering whether to grant rehearing

on this basis, we have carefully reviewed the evidence presented in the case. Upon revisiting the videotape of the traffic stop, we discovered an obscure but highly relevant error in the sequence of facts that was agreed upon in the appellate briefs of both parties, repeated in the "Background" section of the panel opinion, and reasserted in the petition for rehearing.

According to all these statements of facts, Mr. Caro exited his car in response to Trooper Avery's request to view the doorjamb VIN, after Trooper Avery had already inspected the dashboard VIN. But the videotape of the traffic stop clearly shows that this was not the case. In the relevant segment of the tape, Trooper Avery walks to the driver's window and speaks to Mr. Caro, following which Mr. Caro exits the car. As he exits, Mr. Caro leaves the door open, but it swings shut on its own. Trooper Avery then inspects the VIN on the dashboard, comparing it to the registration papers in his hand. While he does this, Mr. Caro stands next to the car, immediately behind the driver's door. After Trooper Avery finishes inspecting the dashboard VIN, he takes several steps towards Mr. Caro and speaks to him briefly. Trooper Avery then opens the car door and bends over to examine the doorjamb. After looking around at the doorjamb, the interior of the vehicle, and the edge of the door, Trooper Avery closes the door and again speaks to Mr. Caro. Mr. Caro then opens the door and releases the trunk of the car, presumably in response to a request by Trooper Avery to search it.

If Mr. Caro was already standing outside a closed car door at the time Trooper Avery asked to inspect the doorjamb for a VIN, and if Trooper Avery opened that car door himself in order to effect that inspection, Mimms cannot have "provide[d] the legal justification for the officer's action." Wren, 517 U.S. at 813 (quoting Scott v. United States, 436 U.S. 128, 138 (1978)). This case therefore continues to be controlled by Class and Miller, and there is no need to reach the issue of any possible interplay between Mimms and Class that might pertain to the examination of a vehicle doorjamb in search of a VIN.

Accordingly, this panel orders that the petition for rehearing is DENIED.


Entered for the Court

PATRICK FISHER, Clerk of Court

By:

Deputy Clerk