**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMEEL ASMAR FAREED,
*Defendant-Appellant.*

No. 01-4831

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALBERT MONTE REID,
*Defendant-Appellant.*

No. 01-4837

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-92-31, CR-92-238)

Argued: May 9, 2002

Decided: July 10, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Michael and Judge Motz joined.

**COUNSEL**

**ARGUED:** William Stimson Trivette, Assistant Federal Public Defender, Thomas Norman Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Lawrence Patrick Auld, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

**OPINION**

WILKINS, Circuit Judge:

Jameel Asmar Fareed and Albert Monte Reid (collectively, "Appellants") contend that the district court lacked authority to impose additional supervised release terms to follow the service of prison sentences that resulted from Appellants' violation of conditions of previously imposed supervised release terms. Finding no error, we affirm.

I.

Fareed pled guilty in 1992 to one count of possession with the intent to distribute in excess of five grams of cocaine base. *See* 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). He was sentenced to 97 months imprisonment and four years of supervised release, and his supervised release term began on March 27, 1999. He was subsequently convicted in North Carolina Superior Court for attempting to traffic in cocaine and maintaining a place for controlled substances. Because Fareed committed these offenses during his supervised release term, the probation office sought revocation of his supervised release.

Reid pled guilty in 1993 to one count of conspiracy to possess with the intent to distribute in excess of 50 grams of cocaine base. *See* 21 U.S.C.A. § 846 (West 1999). He was sentenced to 75 months imprisonment and five years supervised release, and his supervised release

term began on May 18, 1998. He was subsequently convicted in North Carolina Superior Court on five counts of maintaining a place for controlled substances and five counts of possession with the intent to distribute cocaine. As was the case with Fareed, because these offenses occurred during his supervised release term, the probation office sought revocation of his supervised release.

The district court conducted a hearing for both Appellants and revoked their respective supervised release terms under 18 U.S.C. § 3583(g) (1988), which requires that a defendant found to have possessed a controlled substance shall have his supervised release term terminated and shall receive a prison sentence of not less than one-third of the length of the supervised release term. *See generally* 18 U.S.C. § 3583 (1988 & Supp. IV 1993) (governing imposition and modification of supervised release terms). The district court sentenced each Appellant to 18 months in prison.[1] Additionally, over Appellants' objections, the court imposed a 30-month supervised release term on each. Appellants argued that the district court lacked authority under 18 U.S.C. § 3583(g), as that statute existed at the time they committed their federal offenses in 1992, to impose additional supervised release terms following the prison terms. The district court agreed that the plain language of § 3583(g) did not authorize imposition of additional supervised release terms but concluded that Congress made a "mistake" in wording § 3583(g) as it did. J.A. 32.

## II.

We review legal issues concerning sentences de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Prior to its 1994 amendment, § 3583 provided several situations in which a supervised release term could be altered, three of which are relevant here.[2] Under § 3583(e)(1), courts were authorized in certain circum-

---

[1] We note that under § 3583(g), Reid should have received a prison sentence of "not less than one-third of the term of supervised release." Because his original term of supervised release was 60 months, that subsection required that Reid receive a prison sentence of at least 20 months. The Government has not cross-appealed the imposition of Reid's 18-month prison term, however.

[2] Appellants do not dispute that § 3583(g) in its *current* form authorizes the imposition of an additional supervised release term. *See* 18 U.S.C.

stances to "terminate" a supervised release term "and discharge the person released at any time after the expiration of one year of supervised release." And, under § 3583(e)(3), courts were authorized to "revoke" a supervised release term and to "require the person to serve in prison all or part of the term of supervised release" if the person was found to have violated a condition of his supervised release. Finally, under § 3583(g), if the violator was found to have possessed a controlled substance, the court was required to "terminate" the supervised release term and "require the defendant to serve in prison not less than one-third of the term of supervised release."

Appellants argue that the district court exceeded its authority when it imposed supervised release terms to follow their new prison terms. The parties agree that *Johnson v. United States*, 529 U.S. 694 (2000), answers the question of whether a defendant sentenced under § 3583(g)[3] may receive an additional term of supervised release, so it is on that

§ 3583(g) (2000); *see also* 18 U.S.C. § 3583(h) (2000) (stating that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment"). However, because Congress provided no indication that it intended the 1994 amendments to apply retroactively, the pre-amendment version of § 3583 governs this appeal. *See Johnson v. United States*, 529 U.S. 694, 701-02 (2000). Unless otherwise indicated, all further references to § 3583 or its subsections refer to the pre-amendment version.

[3]The Government maintains that the district court imposed Appellants' post-revocation sentences not under § 3583(g), but rather under 18 U.S.C. § 3583(e)(3). The Government's argument notwithstanding, an examination of the sentencing hearing transcript clearly reveals that the court sentenced Appellants under § 3583(g). The district court specifically discussed whether the possession of controlled substances requires a court to terminate the supervised release term without imposing another period of supervised release. It then explicitly adopted the analysis in an article interpreting § 3583(g) as the basis for its conclusion that an additional supervised release term could be imposed. *See* David N. Adair, Jr., *Revocation Sentences: A Practical Guide*, 64 Fed. Probation 67, 71 (2000).

opinion that we focus our attention. In *Johnson*, the Supreme Court considered whether § 3583(e)(3) authorized imposition of an additional supervised release term upon revocation of the initial term. Contrasting the word "revoke," as used in (e)(3), with "terminate," which appears in (e)(1), the Court determined that (e)(3) was susceptible to the reading that a new term of supervised release could be imposed to follow a prison term. *See Johnson*, 529 U.S. at 704-08. The Court noted that the use of "terminate" in (e)(1) indicated unequivocally that the supervised release term was ended but that the use of the word "revoke" in (e)(3) left open the possibility that some portion of the supervised release term could continue.[4] *See id.* at 704-05. The Court noted that if Congress had intended for the supervised release term to be completely annulled by the violation, it could have used the word "terminate," as it did in (e)(1), instead of "revoke." *See id.* at 705-06 (stating that "unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect"). Accordingly, the Court construed the provision to authorize the imposition of a post-revocation supervised release term. *See id.*

Justice Scalia dissented, contending that § 3583(e)(3) plainly did not provide authority for imposition of an additional supervised release term. *See id.* at 715-23 (Scalia, J., dissenting). The majority responded in *dictum* that even had Congress used language in (e)(3) that plainly did not authorize an additional term, § 3583(a) would supply the authority. *See id.* at 707-08. Section 3583(a) provided that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The Court stated that because a post-revocation prison sentence was indeed a sentence for the original federal crime of conviction, § 3583(a) would provide the authority for the imposition of an additional supervised release term.[5] *See id.* at 708.

---

[4]The Court explained that although the primary meaning of "revoke" is "to annul by recalling," a secondary meaning is "to call or summon back." *Id.* at 704, 706 (internal quotation marks omitted). The Court reasoned that use of the latter meaning would suggest that "further supervised release is . . . possible." *Id.* at 706.

[5]Justices Kennedy and Thomas agreed in separate concurring opinions that § 3583(e)(3) authorized the imposition of the post-revocation super-

Although the *Johnson* Court did not address § 3583(g), that subsection employs the very word—"terminate"—that the *Johnson* Court stated would unequivocally convey that the subsection did not authorize the imposition of a post-revocation term of supervised release. On this basis, Appellants maintain that § 3583(g) unambiguously expresses that supervised release terms do not continue in any form or duration following a finding that a controlled substance was possessed, and therefore that § 3583(g) provides no authority for imposition of an additional supervised release term.

We need not decide, however, whether § 3583(g) itself provides authority for imposition of an additional supervised release term because even if it does not, § 3583(a) does. *See Korb v. Lehman*, 919 F.2d 243, 246 (4th Cir. 1991) (stating that we may "affirm on any ground fairly supported by the record"). The Supreme Court held in *Johnson* that post-revocation prison sentences are sentences for the original federal crime, not punishment for the violation of the terms of supervised release. *See Johnson*, 529 U.S. at 700-01; *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002). Accordingly, when the district court imposed Appellants' post-revocation prison terms, it "impos[ed] a sentence to a term of imprisonment for a felony," and therefore was authorized under § 3583(a) to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a); *see United States v. Marlow*, 278 F.3d 581, 586-88 (6th Cir. 2002) (holding that imposing post-revocation prison term is "imposing a sentence" within the meaning of § 3583(a) and therefore that § 3583(a) authorizes post-revocation imposition of additional supervised release term), *petition for cert. filed*, No. 01-9925 (U.S. Apr. 25, 2002); *cf. United States v. Wesley*, 81 F.3d 482, 483-84 (4th Cir. 1996) (concluding that § 3583(a) authorizes imposition of a supervised release term following reimprisonment at resentencing for probation violation). We therefore follow the *dictum* endorsed by six justices in

---

vised release term but rejected the majority's analysis of § 3583(a). *See id.* at 713-14 (Kennedy, J., concurring in part); *id.* at 715 (Thomas, J., concurring in the judgment). Justice Scalia likewise disagreed with the majority's statements regarding § 3583(a). *See id.* at 722-23 (Scalia, J., dissenting).

*Johnson* and hold that § 3583(a) authorized the post-revocation imposition of Appellants' additional supervised release terms. *See Johnson*, 529 U.S. at 707-08; *cf. Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996) (stating that federal appellate court is "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements").

### III.

In sum, we hold that the district court was authorized under § 3583(a) to impose supervised release terms to follow Appellants' post-revocation prison terms. Appellants' sentences are therefore affirmed.

*AFFIRMED*