**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                              No. 01-4562

ANGELO MCCOY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-00-195-MJG)

Submitted: January 29, 2003

Decided: February 10, 2003

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Angelo McCoy appeals his conviction and 210-month sentence for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000), and for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (2000). McCoy raises several issues on appeal. Finding no error, we affirm.

First, McCoy appeals the district court's denial of his motion to suppress evidence seized pursuant to a warrant. McCoy attacks both the validity of the warrant and its execution. Assuming without deciding that the warrant was not supported by probable cause, the evidence would be admissible under the good faith exception to the Fourth Amendment's warrant clause. *United States v. Leon*, 468 U.S. 897, 921-22 (1984). The district court found the warrant to be valid, and thus had no need to consider *Leon*, but this court may "affirm on any ground fairly supported by the record." *United States v. Fareed*, 296 F.3d 243, 247 (4th Cir. 2002).

McCoy claims that the warrant did not contain a particularized description of the place to be searched. We find the material facts of this case to be indistinguishable from *Maryland v. Garrison*, 480 U.S. 79 (1987), and thus reject this claim. McCoy argues that once the officers discovered that there were two apartments in the house, they were required to discontinue the search in its entirety. In *Garrison*, the Court held only that the officers "were required to discontinue" searching the apartment occupied by someone *other than* the person described in the warrant. In this case, the officer testified that after securing the premises, but before the search was conducted, he had discovered that "the front bottom floor and the second floor of the house" were attributable to McCoy. (J.A. at 44.) All of the evidence that McCoy seeks to suppress was found either in the front bottom floor room or the second floor. We therefore affirm the district court's order.

McCoy next contends that statements he made at the time the warrant was executed should have been suppressed as the fruit of an illegal search. Because we find the search to be proper, and because

McCoy waived his right to remain silent, admission of the statement was not error.

McCoy claims the evidence at trial was insufficient to convict him. To determine whether there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). With these standards in mind, we find the evidence was sufficient to support McCoy's convictions.

McCoy claims that he was improperly sentenced as an armed career criminal in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As McCoy acknowledges, we have rejected such claims. *See United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002).

Finally, McCoy has moved for leave to file a pro se supplemental brief. In his brief, McCoy asserts that the Government engaged in prosecutorial misconduct by failing to present evidence to the grand jury that he possessed, transported, or received ammunition. We grant McCoy's motion, but conclude that the issue he raises is meritless. We therefore affirm McCoy's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*