**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4355**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JUSTIN CHAMBERS,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Pamela Meade Sargent, Magistrate Judge.  (CR-01-42)

———————

Submitted:  September 11, 2003      Decided:  November 26, 2003

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy W. McAfee, MCAFEE LAW FIRM, P.C., Norton, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Justin L. Chambers pleaded guilty to possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (2000). Chambers was sentenced to three years probation. Chambers violated the terms of his probation and was sentenced to twelve months incarceration and twelve months on supervised release. After serving twelve months in incarceration, Chambers began serving his supervised release. Chambers violated the terms of his supervised release. The district court revoked Chambers' supervised release and sentenced him to twelve months incarceration. Chambers appeals, asserting his sentence is excessive. We review this claim de novo. United States v. Fareed, 296 F.3d 243, 245 (4th Cir. 2002).

Chambers' claim is meritless. The district court had statutory authorization to sentence Chambers to an initial term of twelve month incarceration, 21 U.S.C. § 844(a) (2000), and twelve months of supervised release, 18 U.S.C. § 3583(b)(3) (2000), to revoke Chambers' supervised release based on his violation of its terms, 18 U.S.C. § 3583(g) (2000), and to sentence him to a subsequent term of twelve months incarceration upon revocation of supervised release. 18 U.S.C. § 3583(e)(3) (2000).

Accordingly, we affirm the district court's revocation of Chambers' supervised release and its resulting order for Chambers to serve twelve months in incarceration. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>