**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 23, 2006
Decided August 23, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2096

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin |
| *v.* | No. 94-CR-73 |
| MICHAEL B. DANIELS,<br>*Defendant-Appellant.* | Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

Michael Daniels was convicted in 1994 of armed bank robbery, 18 U.S.C. § 2113(a), (d), and carrying a firearm during and in relation to a crime of violence, *id.* § 924(c)(1). He was sentenced to consecutive prison terms totaling 135 months, plus concurrent supervised release terms of five years for the robbery and three years for the firearm offense. *See United States v. Daniels*, 64 F.3d 311 (7th Cir. 1995). Daniels was released from prison in 2004 and almost from the start began violating the conditions of his supervised release. His probation officer eventually petitioned for revocation on the grounds that Daniels had admitted using heroin and tested positive for other drugs, had skipped counseling sessions and scheduled drug tests, and had been charged in state court with battery and bail jumping. At

his revocation hearing Daniels contested the state criminal charges but stipulated that he used drugs and failed to show up for counseling sessions and drug tests. Based on these admissions, the district court revoked his supervised release and ordered Daniels reimprisoned for six months on each count, to run concurrently. The court also imposed new supervised release terms of 48 and 24 months, respectively, also to run concurrently. Daniels now appeals, but his appointed lawyer has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue for appeal. We invited Daniels to respond to counsel's submission, *see* Cir. R. 51(b), but he has not done so. Therefore, we will consider only those potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Counsel first considers whether Daniels could argue that the district court abused its discretion by revoking his supervised release. Daniels, though, admitted his drug use and noncompliance with the drug-testing condition, which renders frivolous any argument that the court abused its discretion in opting for revocation. *See United States v. Doss*, 79 F.3d 76, 77 (7th Cir. 1996); *United States v. Dillard*, 910 F.2d 461, 464-65 (7th Cir. 1990). Indeed, had the court made a finding that Daniels's drug use evidenced his *possession* of those drugs, *see United States v. Trotter*, 270 F.3d 1150, 1153-54 (7th Cir. 2001); *United States v. Young,* 41 F.3d 1184, 1186 (7th Cir. 1994), the court presumably would have been required under the governing version of 18 U.S.C. § 3583 to both revoke his supervised release and to reimprison him for at least one-third of the revoked term—that would be 20 months for Daniels based on his revoked 5-year term. *See* 18 U.S.C. § 3583(g) (1988 & Supp. IV 1993); *Johnson v. United States,* 529 U.S. 694, 701-02 (2000); *United States v. Fareed,* 296 F.3d 243, 245 n.2 (4th Cir. 2002); *United States v. Wirth*, 250 F.3d 165, 170 (2nd Cir. 2001).

Counsel next questions whether Daniels could pose a statutory challenge to the length of his reimprisonment or the length of the new supervised release terms that will follow. We agree with counsel that it would be frivolous to do so. Section 3583(e)(3) authorizes post-revocation imprisonment for a maximum of three years for a Class B felony, and two years for a Class D felony. Daniels's armed bank robbery is a Class B felony, *see* 18 U.S.C. §§ 2113(d), 3559(a)(2) (1988 & Supp. V 1993), and his firearm offense a Class D felony, *id*. §§ 924(c), 3559(a)(4) (1988 & Supp. V 1993). His six-month terms of reimprisonment are therefore well within the statutory limit. Moreover, since the governing statute is the version of § 3583 in effect on January 29, 1994, when Daniels committed his crimes, *see Johnson,* 529 U.S. at 701-02, the district court was free to impose new terms of supervised release after revocation provided that the combined term of reimprisonment and supervised release does not exceed the original term of supervised release. *See Johnson,* 529 U.S. at 705-07, 712-13; *United States v. Russell*, 340 F.3d 450, 454 (7th Cir. 2003).

The new 48- and 24-month terms of supervised release, combined with the six-month terms of reimprisonment, do not exceed Daniels's original five- and three-year terms of supervised release.

Finally, counsel questions whether Daniels could argue that six months is an unreasonable period of reimprisonment, but this too would be a frivolous argument. When imposing a term of reimprisonment for violating supervised release, a district court must consider the applicable policy statements in the guidelines and the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004). Daniels did not dispute that his most serious violation was Grade C and his criminal-history category a IV, which yielded a recommended range of six to 12 months in prison. *See* U.S.S.G. § 7B1.4(a), p.s. The court selected the low end of this range, and counsel is unable to identify any reason why that choice might be unreasonable.

For the above reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.