**Carlos KIDD, Appellant**

v.

**Barack OBAMA, President of the United States of America and Ben S. Bernanke, Chairman, Federal Reserve, Appellees.**

No. 10–5006.

United States Court of Appeals,
District of Columbia Circuit.

July 21, 2010.

Carlos Kidd, Woodville, TX, pro se.

Warden, Woodville, TX, for Appellant.

BEFORE: SENTELLE, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 30, 2009, be affirmed. Appellant has not demonstrated that appellees violated the First Amendment by printing the national motto, "In God We Trust," on United States currency. *See Van Orden v. Perry*, 545 U.S. 677, 699, 125 S.Ct. 2854, 162 L.Ed.2d 607 (2005) (Breyer, J., concurring) (discussing "the Establishment Clause's tolerance . . . [of] public references to God on coins"); *Elk Grove Unified School Dist. v.*

*Newdow*, 542 U.S. 1, 37, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (O'Connor, J., concurring) (" '[C]eremonial deism' most clearly encompasses such things as the national motto ('In God We Trust')," whose "history, character, and context prevent them from being constitutional violations at all"); *see also Gaylor v. United States*, 74 F.3d 214, 217–18 (10th Cir.1996) ("[T]he statutes establishing 'In God We Trust' as our national motto and providing for its reproduction on United States currency do not violate the Establishment Clause."); *Aronow v. United States*, 432 F.2d 242, 243 (9th Cir.1970) ("It is quite obvious that the national motto and slogan on coinage and currency 'In God We Trust' has nothing whatsoever to do with the establishment of religion.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.