**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4682**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

STEVE CHRISTOPHER WELLS, JR.,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:10-cr-00026-SGW-1)

_____

Submitted:  June 19, 2014              Decided:  July 11, 2014

_____

Before KING, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Charlene R. Day, Assistant United States Attorney, Elizabeth Noles, Third Year Law Student, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2010, Steve Christopher Wells, Jr., entered a guilty plea to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (2006). Without a recidivist enhancement, Wells faced a mandatory minimum sentence of five years' imprisonment. Prior to Wells' December 2010 sentencing, the Government moved to amend the charge to allow Wells to plead guilty to the lesser-included offense of violating 21 U.S.C. § 841(b)(1)(C) (2006). The Government made this motion to bring Wells' case in line with the Fair Sentencing Act of 2010 ("FSA"), which took effect on August 3, 2010. Wells agreed to the modification, without reservation. The district court allowed the amendment and sentenced Wells to twenty-four months' imprisonment, to be followed by four years of supervised release.

After he was released from prison and while serving his supervised release, Wells was arrested by Virginia law enforcement authorities and charged with felony eluding. Thereafter, Wells' federal probation officer filed a violation report. The district court subsequently determined that Wells violated the terms of his supervised release and sentenced Wells to twenty-four months' imprisonment, to be followed by an additional ten years of supervised release.

On appeal, Wells challenges only the subsequent supervised release term that the court ordered. Specifically, Wells contends that imposition of the additional ten-year term of supervised release violates the Ex Post Facto Clause because it is longer than the supervised release term he faced at the time he committed the underlying violation of § 841(b)(1)(B).[1] We reject this argument and affirm.

Wells did not assert this constitutional argument before the district court; as such, we are limited to plain error review. See United States v. Olano, 507 U.S. 725, 732–33 (1993); United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010) (reviewing for plain error defendant's ex post facto challenge to the particular edition of the Sentencing Guidelines, which was not presented in the district court);

---

[1] Taken together, the relevant statutory provisions authorize a four- to five-year term of supervised release for a violation of § 841(b)(1)(B). See 21 U.S.C. § 841(b)(1)(B) (setting statutory maximum sentence at forty years' imprisonment and mandating the imposition of at least a four-year term of supervised release); see also 18 U.S.C. § 3559(a)(2) (2012) (designating any federal offense with a statutory maximum sentence of twenty-five years to life as a Class B felony); 18 U.S.C. § 3583(b)(1) (2012) (authorizing a five-year maximum term of supervised release for Class A or Class B felonies). Comparatively, while there is a statutory minimum three-year term of supervised release that must be imposed in conjunction with a conviction under § 841(b)(1)(C), there is no upper limit as to the term of supervised release that may be ordered. See 21 U.S.C. § 841(b)(1)(C); United States v. Pratt, 239 F.3d 640, 647-48 (4th Cir. 2001).

accord United States v. Woodward, 744 F.3d 488, 496 (7th Cir. 2014) (reviewing unpreserved ex post facto claim for plain error).

The Ex Post Facto Clause "bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Johnson v. United States, 529 U.S. 694, 699 (2000) (internal quotation marks and alteration omitted). For a law to run afoul of the Ex Post Facto Clause, two elements must be present — it must "operate[ ] retroactively," applying to conduct completed prior to its enactment, and it must "raise[ ] the penalty from whatever the law provided when [the defendant] acted." Id.

Wells' claim fails because no "new law" operated retroactively at the revocation proceeding. Operative, instead, was the same statutory provision to which Wells consented when he accepted the Government's offer to modify his initial charge of conviction. He agreed to this modification knowingly and without reservation. As such, the district court properly applied the supervised release provisions relevant to § 841(b)(1)(C), as this was the basis for Wells' initial conviction and sentence.[2]

---

[2] This is line with the general legal principle "that post-revocation prison sentences are sentences for the original federal crime, not punishment for the violation of the terms of (Continued)

4

We thus agree with the Government's threshold argument that the Ex Post Facto Clause simply is not implicated here. The deviation between the statutory provision Wells violated when he committed the underlying federal offense in December 2009, and the statutory provision utilized to later determine his supervised release range, resulted from Wells' acceptance of the Government's offer to reduce his charge, "not by any operation of law." (Appellee's Br. at 13).

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

supervised release." United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002) (citing Johnson, 529 U.S. at 700-01).

5