

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

November 4, 2015

The Honorable Charles Perry
Chair, Committee on Agriculture, Water,
    and Rural Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78701-2068

Opinion No. KP-0042

Re: Whether a police department or sheriff's office may display the national motto, "In God We Trust," on its patrol vehicles (RQ-0059-KP)

Dear Senator Perry:

You ask whether a police department or sheriff's office may display the national motto, "In God We Trust," on its patrol vehicles.[1] You explain that the Childress Police Department has decided to display the motto on its patrol vehicles and has come under attack for this decision. Request Letter at 1. Use of the motto in various circumstances has been challenged as a violation of the U.S. Constitution's Establishment Clause, which states: "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. We therefore analyze whether the Establishment Clause prohibits the action you describe.

Congress adopted "In God We Trust" as the national motto of the United States in 1956. 36 U.S.C. § 302 (originally enacted as Act of July 30, 1956, ch. 795, 70 Stat. 732 (1956)). In addition, Congress has required use of the motto on coins and printed currency of the United States. 31 U.S.C. §§ 5112(d)(1), 5114(b). Against constitutional challenges to these statutes, courts across the country have consistently held that the statutes do not violate the Establishment Clause of the First Amendment. *Newdow v. Peterson*, 753 F.3d 105, 107 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1008 (2015); *Newdow v. Lefevre*, 598 F.3d 638, 645 (9th Cir. 2010); *Kidd v. Obama*, 387 Fed. App'x. 2 (D.C. Cir. 2010) (per curium); *Gaylor v. United States*, 74 F.3d 214, 217–18 (10th Cir. 1996); *O'Hair v. Murray*, 588 F.2d 1144, 1144 (5th Cir. 1979) (per curium); *Aronow v. United States*, 432 F.2d 242, 244 (9th Cir. 1970). Furthermore, the United States Supreme Court has on multiple occasions noted that the motto is a constitutional "reference to our religious heritage." *Lynch v. Donnelly*, 465 U.S. 668, 676 (1984); *see also Cnty. of Allegheny v. ACLU*, 492 U.S. 573, 602–03 (1989).

Although a number of courts have addressed the motto in other contexts, no court of which we are aware has specifically addressed the display of the motto on law enforcement patrol vehicles. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 273 (4th Cir. 2005) (holding that inscription of the national motto on a county building facade did not violate the

---

[1]Letter from Honorable Charles Perry, Chair, Senate Comm. on Agric., Water, & Rural Affairs, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 5, 2015), http://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Establishment Clause); *Myers v. Loudoun Cnty. Sch. Bd.*, 251 F. Supp. 2d 1262, 1275 (E.D. Va. 2003) (holding that a school's display of posters with the national motto did not violate the Establishment Clause); *Schmidt v. Cline*, 127 F. Supp. 2d 1169, 1181 (D. Kan. 2000) (concluding the same for a display by a county treasurer). In recent decisions considering other types of religious displays challenged under the Establishment Clause, the Supreme Court has explained that its analysis is driven by the nature of the display in question and by reference to our nation's historical practices and understandings. *See Van Orden v. Perry*, 545 U.S. 677, 686 (2005) (declining to apply the *Lemon* test); *Lynch*, 465 U.S. at 679–80, 685–86; *see also Town of Greece v. Galloway*, 134 S. Ct. 1811, 1819 (2014). In upholding the placement of the Ten Commandments monument on the Texas State Capitol grounds, the Court emphasized the "passive use" of the text in the monument and "the role the Decalogue plays in America's heritage." *Van Orden*, 545 U.S. at 689, 690–91. And in upholding the use of a creche in a municipality's Christmas display, the Court underscored the "passive" nature of the creche and "the historical origins of this traditional event long recognized as a National Holiday." *Lynch*, 465 U.S. at 680, 685–86.

Similarly, displaying "In God We Trust" on police vehicles is a passive use of a motto steeped in our nation's history that does not coerce citizen approval or participation.[2] The Supreme Court recently upheld the right of a municipality to open its town meetings with prayer, and in doing so, Justice Kennedy explained that "legislative bodies do not engage in impermissible coercion merely by exposing constituents to prayer that they would rather not hear and in which they need not participate." *Galloway*, 134 S. Ct. at 1827. A police department's display of the motto likewise does not suggest "that those who disagree are compelled to join the expression or approve its content." *Id.* at 1825.

Courts upholding the display of the motto in other contexts have emphasized that "[i]ts use is of a patriotic or ceremonial character." *Aronow*, 432 F.2d at 243. "The motto symbolizes the historical role of religion in our society, . . . fosters patriotism, and expresses confidence in the future." *Gaylor*, 74 F.3d at 216. The fact that a display has "religious content" or promotes "a message consistent with a religious doctrine" does not by itself "run afoul of the Establishment Clause." *Van Orden*, 545 U.S. at 690. "There is an unbroken history of official acknowledgment by all three branches of government of the role of religion in American life from at least 1789." *Lynch*, 465 U.S. at 674. A law enforcement department's decision to display the national motto on its vehicles is consistent with that history. Thus, a court is likely to conclude that a law enforcement department's display of "In God We Trust" on its patrol vehicles is permissible under the Establishment Clause of the U.S. Constitution.

---

[2] If the Supreme Court instead analyzed this question under a coercion test that did not assess historical significance, a court will still likely find that the display of the national motto on law enforcement vehicles is constitutional, as it does not coerce individuals into participation or approval of the message. *See Galloway*, 134 S. Ct. at 1825 (Kennedy, J.) (concluding that a prayer at a town meeting did not involve coercion); *see also id.* at 1838 (Thomas, J., concurring) ("to the extent coercion is relevant to the Establishment Clause analysis, it is actual legal coercion that counts–not the subtle coercive pressures allegedly felt by respondents in this case").

## S U M M A R Y

     A court is likely to conclude that a law enforcement department's display of the national motto, "In God We Trust," on its patrol vehicles is permissible under the Establishment Clause of the United States Constitution.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee