**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby E. WESLEY, Defendant–Appellant.**

**No. 95–5341.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1996.

Decided April 17, 1996.

**ARGUED:** John Stuart Bruce, Deputy Federal Public Defender, Greensboro, North Carolina, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** William E. Martin, Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge WIDENER and Judge HAMILTON joined.

## OPINION

LUTTIG, Circuit Judge:

Appellant Bobby E. Wesley pleaded guilty to embezzlement from the Veterans' Administration, and was sentenced to three years probation. On March 8, 1995, a hearing was held to revoke his probation because he failed to report to his probation officer, failed to maintain his employment, and tested positive for cocaine six times. The next day, Wesley's probation officer advised the court that Wesley had been arrested for assaulting his common law wife, while drunk. Additional revocation hearings were held in March and April 1995, and the court sentenced Wesley to six months in prison plus three years supervised release, with the special condition that he not consume any alcoholic beverages while on supervised release. Wesley herein appeals.

## I.

■ Wesley first argues that the district court lacks statutory authority to impose supervised release upon revocation of probation. Because, at the sentencing hearing, Wesley did not object to the imposition of supervised release, we review for plain error the district court's imposed sentence. Because the sentence was not error at all, and *a fortiori* not plain error, we affirm. *See United States v. McCullough,* 46 F.3d 400 (5th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 2597, 132 L.Ed.2d 844 (1995); *States v. Hobbs,* 981 F.2d 1198 (11th Cir.) *(per curiam ),* cert. denied, — U.S. —, 114 S.Ct.

103, 126 L.Ed.2d 69 (1993); *United States v. Harrison,* 815 F.Supp. 494 (D.D.C.1993).

Revocation of probation is governed by 18 U.S.C. § 3565(a) (emphasis added): [1]

> If the defendant violates a condition of probation . . ., the court may, after a hearing . . ., and after considering the factors set forth in section 3553(a) . . .

> . . . . .

> (2) revoke the sentence of probation and impose *any other sentence that was available under subchapter A* at the time of the initial sentencing.

Wesley argues that, because the provisions governing supervised release appear in subchapter D, not subchapter A, supervised release is unavailable as a sentence under section 3565 upon revocation of probation.

The available sentences listed in subchapter A, which are referenced in section 3565, are as follows:

> (1) a term of probation as authorized by subchapter B;

> (2) a fine as authorized by subchapter C; or

> (3) *a term of imprisonment as authorized by subchapter D.*

18 U.S.C. § 3551(b) (emphasis added). Wesley contends that, because supervised release is not a "term of imprisonment," and because there is no other relevant reference to subchapter D in subchapter A,[2] that supervised release is not a sentence authorized upon revocation of probation.

Wesley overlooks, however, that section 3583(a) of subchapter D authorizes a sentencing court, *"in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, [to] include as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment." *Id.* (emphasis added). Because

---

1. Because Wesley's original offense was committed in May 1990, we cite the statutory authority in effect at that time. Section 3565(a) has since been amended somewhat ("resentence the defendant under subchapter A" has replaced "impose any other sentence that was available under subchapter A at the time of the initial sentencing"), but this amendment does not at all alter the analysis herein.

2. 18 U.S.C. § 3551(a), the opening section of subchapter A, does provide that defendants should be sentenced in accordance with the provisions of "this chapter," not *sub* chapter, but Wesley argues persuasively that this general reference should not be considered an implicit expansion of the more specific reference in § 3565 to subchapter A.

supervised release is "part of" a sentence to a term of imprisonment under subchapter D, it is one of the sentences authorized under subchapter A, and therefore an authorized sentence upon revocation of probation.[3]

## II.

■ Wesley's second claim is that the district court abused its discretion in ordering him to abstain from alcohol while on supervised release. Again, because Wesley did not object, we review for plain error the district court's imposition of this condition of Wesley's supervised release. And again, the claimed error was not error at all, and *a fortiori* not plain error. Section 3583(d) of Title 18 authorizes a district court, in imposing supervised release, to order, with limitations not relevant here, any of the conditions of probation, and "any other condition it considers to be appropriate." One of the specifically authorized conditions of probation is to order the defendant to "refrain from excessive use of alcohol." 18 U.S.C. § 3563(b)(8); *see also* U.S.S.G. § 5B1.4(a)(7).

Relying on *United States v. Prendergast,* 979 F.2d 1289 (8th Cir.1992) (striking down as an abuse of discretion condition of supervised release that defendant abstain from all alcohol), Wesley argues that "the terms of supervised release must not involve a greater deprivation of liberty than is reasonably necessary to effectuate the goals of Congress and the Sentencing Commission," and that "[c]onditions that restrict a probationer's freedom must be especially fine tuned." *Id.* at 1293 (internal quotation marks omitted). In *Prendergast,* however, there was no evidence that the defendant had ever had any problems with alcohol abuse. Here, Wesley had been previously convicted of being intoxicated and disruptive, J.A. at 106, had been previously convicted of driving under the influence, J.A. at 106, had tested positive for drugs many times, and had just beaten his wife mercilessly (with a steel-toed boot and a

lamp) after getting drunk on whiskey and beer, J.A. at 86–88.

Two circuits have upheld the same restrictions on supervised release in similar circumstances, *see United States v. Thurlow,* 44 F.3d 46 (1st Cir.) (*per curiam*), *cert. denied,* —— U.S. ——, 115 S.Ct. 1987, 131 L.Ed.2d 874 (1995); *United States v. Johnson,* 998 F.2d 696 (9th Cir.1993). Likewise, we conclude here that the district court did not abuse its discretion in ordering Wesley to abstain from alcohol as a condition of his supervised release.

## CONCLUSION

The judgment of the district court is affirmed.

*AFFIRMED.*

---

**3.** In addition, U.S.S.G. § 7B1.3(g)(1) provides, "[w]here probation is revoked and a term of imprisonment is imposed, the provisions of §§ 5D1.1–1.3 shall apply to the imposition of a term of supervised release." Wesley argues that, because this guideline section became effective after his original criminal offense was completed, it cannot apply to him. To the extent, however, that the guideline merely incorporates existing statutory authority, Wesley's argument is unavailing.