RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0031P (6th Cir.)
File Name: 02a0031p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

No. 00-5748

THOMAS L. MARLOW,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 91-00084—James H. Jarvis, District Judge.

Argued: July 12, 2001

Decided and Filed: January 24, 2002

Before: SILER and GILMAN, Circuit Judges; GIBBONS,
District Judge.[*]

————————————

## COUNSEL

**ARGUED:** Nikki C. Pierce, FEDERAL DEFENDER
SERVICES, Greeneville, Tennessee, for Appellant. Michael
E. Winck, ASSISTANT UNITED STATES ATTORNEY,

————————————

[*] The Honorable Julia S. Gibbons, United States District Judge for the
Western District of Tennessee, sitting by designation.

1

Knoxville, Tennessee, for Appellee. **ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES, Greeneville, Tennessee, for Appellant. Michael E. Winck, Paige Auer Winck, ASSISTANT UNITED STATES ATTORNEYS, Knoxville, Tennessee, for Appellee.

---

## OPINION

---

GIBBONS, District Judge. Defendant Thomas L. Marlow pled guilty to manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)[1] and was sentenced on August 12, 1994, to seventy-eight months in prison to be followed by four years of supervised release. Marlow began his supervised release term on January 27, 1998 and subsequently violated its conditions. Consequently, the district court revoked his release on March 31, 2000 and ordered him to serve twenty months in prison to be followed by a new four-year term of supervised release. Marlow appeals the district court's imposition of the additional four-year supervised release term, arguing that under 18 U.S.C. §3583(e)(3) the duration of the postrevocation incarceration plus the new term of supervised release cannot exceed the duration of the original term of supervised release. While we agree that subsection (e)(3) does not authorize the new sentence to exceed the original term of supervised release, we conclude that the district court was authorized by its general sentencing authority under 18 U.S.C. § 3583(a) to impose an additional term of supervised release after postrevocation incarceration. Thus, we affirm Marlow's sentence for reasons different from those stated by the district court.

---

[1]Marlow also pled guilty to using a firearm during and in relation to a drug trafficking crime, for which he received the mandatory sixty-month sentence. Following the Supreme Court decision in *United States v. Bailey*, 516 U.S. 137 (1995), the district court entered an order vacating the firearm conviction and reducing the defendant's sentence accordingly.

Before the district court, Marlow argued that § 3583(e)(3) did not allow for the reimposition of a four-year term of supervised release in addition to a term of incarceration.[2] Rather, he claimed, only twenty-eight months of the original term of supervised release could be imposed after the twenty-month prison sentence pursuant to that statute. The district court rejected Marlow's argument, stating:

> We'll, let's keep it at four years. If the Supreme Court [in *Johnson v. United States*] changes the law, we'll voluntarily reduce it.
> . . .
>
> It used to be I couldn't impose any more once I put him back in jail, I couldn't do that.
> . . .
>
> If the Supreme Court comes down on your side, no more supervised release. If it comes down on the government's side, you have four years supervised release.

Marlow now appeals from the district court's imposition of the additional four years of supervised release, arguing that the Supreme Court's decision in *Johnson v. United States*,

---

[2] At the time of the revocation hearing, 18 U.S.C. § 3583(e) provided that the district court is authorized to:

> (1) terminate the term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . .
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, . . . [or]
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on postrelease supervision . . . .

529 U.S. 694 (2000), supports his position that § 3583(e)(3) does not authorize a postrevocation sentence that exceeds the duration of the original term of supervised release.  He asks this court to direct the district court to reduce his supervised release to twenty-eight months.

The issue here involves the correctness of the district court's application of the supervised release statutes, which we review *de novo.  United States v. Davis*, 187 F.3d 528, 531 (6th Cir. 1999); *see also United States v. Cade*, 236 F.3d 463, 465 (9th Cir. 2000).

In *Johnson*, the district court had revoked the defendant's three-year term of supervised release and imposed a prison term of eighteen months to be followed by a twelve-month term of supervised release.  *Johnson*, 529 U.S. at 698.  Notably, the duration of the new sentence of imprisonment plus the supervised release was thirty months, six months less than the original term of supervised release.  Nevertheless, the defendant argued that § 3583(e)(3) gave no power to the district court to order supervised release after the original term had been revoked.[3]  *Id.*  The Supreme Court rejected the defendant's argument and held that a district court has the power under § 3583(e)(3) to impose a term of supervised release to be served after a postrevocation term of imprisonment.  *Id.* at 713.

In reaching its ultimate conclusion, the Court determined that "revoke" in the context of subsection (e)(3) means "to call or summon back" rather than "to terminate" the term of supervised release.  *Id.* at 704-06.  The Court reasoned:

---

[3]The defendant also argued that applying § 3583(h), which went into effect after the date of the commission of the underlying offense, violated the *Ex Post Facto* Clause of the Constitution, art. I, § 9.  *Id.*  The Court determined that § 3583(h) did not apply and that, therefore, the *ex post facto* question did not arise.  *Id.* at 702.  The Court reasoned that "[t]he case turns, instead, simply on whether § 3583(e)(3) permitted imposition of supervised release following a recommittment."  *Id.* at 702-03.

district court's authority.   Accordingly, we **AFFIRM** Marlow's sentence.

appears that subsection (a) is valid authority on which the district court could have relied in ordering Marlow to serve an additional four years of supervised release after his prison sentence.[8]

Marlow argues further that his sentence can extend no further than the statutory maximum term of supervised release for the offense of conviction, which he claims is five years. The statutory maximum for supervised release for convictions under 21 U.S.C. § 841, however, is unlimited. *See United States v. Abbington*, 144 F.3d 1003, 1006 (6th Cir. 1998); *accord United States v. Gerrow*, 232 F.3d 831, 835 (11th Cir. 2000). Thus, Marlow's argument is without merit.

Finally, we note that our decision will have a limited impact, because § 3583(h) is effective in all cases where the initial offense occurred after the date of its enactment, September 13, 1994. That subsection gives specific guidelines to a district court regarding sentencing a defendant to additional supervised release after the initial term has been revoked.[9]

In summary, we find that § 3583(e)(3) does not authorize the district court to award a postrevocation sentence that endures longer than the original term of supervised release. However, we find that the district court may impose an additional term of supervised release under its general sentencing authority pursuant to § 3583(a). Thus, the postrevocation supervised release term here was within the

---

dicta almost as firmly as by the Court's outright holdings. . .").

[8] The government also argued that the district court could have extended Marlow's term of supervised release pursuant to § 3583(e)(2) *before revoking* his supervised release. *See Johnson*, 529 U.S. at 712. We need not consider this argument, however, because the district court in this case did not, in fact, seek first to extend Marlow's original term of supervised release before revoking it.

[9] *See supra* note 4.

So far as the text is concerned, it is not a "term of imprisonment" that is to be served, but all or part of "the term of supervised release." But if "the term of supervised release" is being served, *in whole or part*, in prison, then *something about the term of supervised release survives the preceding order of revocation. . . .* [U]nlike a "terminated" order of supervised release, one that is "revoked" continues to have some effect. And since it continues in some sense after revocation even when part of it is served in prison, why can the balance of it not remain effective as a term of supervised release when the reincarceration is over?

*Id.* at 705-06 (emphasis added). The Court recognized that it had attributed the unconventional meaning to the term "revoke," but it found that the unconventional meaning was more consistent with the statutory scheme and the intent of Congress. *Id.* at 706-07 & n.9. Though the Court held specifically that § 3583(e)(3) provides authority for a district court to impose a term of supervised release after reincarceration, it did not address the permissible length of such a term.

In the instant case, Marlow argues that the language used in *Johnson* indicates that § 3583(e)(3) authorizes a district court to impose only the "balance" of the original term of supervised release following a postrevocation period of incarceration. He relies on the above-quoted passage in arguing that only the portion of the original supervised release that "survives the preceding order of revocation" may be imposed. He claims that when the revoked period of supervised release is served in prison, only "the balance of it . . . remain[s] effective as a term of supervised release when the reincarceration is over." *Id.* at 705-06. Marlow argues that in imposing a sentence that endures longer than the original term of supervised release, a district court is essentially engaging in a reenactment of the initial sentencing, which the *Johnson* Court found to be improper. *See id.* at 712 (noting that "[t]he proceeding that follows a violation of the

conditions of supervised release is not, to be sure, a precise reenactment of the initial sentencing.").

In further support of his position, Marlow cites a pre-*Johnson* case, *United States v. O'Neil,* 11 F.3d 292 (1st Cir. 1993), which was cited with approval by Justice Kennedy in his concurring opinion in *Johnson*. *Id*. at 714 (Kennedy, J., concurring). In *O'Neil*, the defendant had been sentenced to twenty-one months in prison to be followed by a three-year period of supervised release. *O'Neil*, 11 F.3d at 293. Soon after the commencement of his supervised release, he violated the conditions thereof, and the district court revoked his release. *Id*. The court sentenced him to two years in prison to be followed by a new three-year term of supervised release. *Id*. The court addressed the issue posed in *Johnson*, whether § 3583(e)(3) authorized postrevocation imposition of supervised release, and reached the same conclusion. Unlike the facts in *Johnson*, however, the duration of the new sentence had plainly exceeded that of the original supervised release. The First Circuit held that the postrevocation sentence was unlawful, stating specifically that § 3583(e)(3) "permits a district court, upon revocation of a term of supervised release, to impose a prison sentence or a sentence combining incarceration with a further term of supervised release, so long as . . . the combined length of the new prison sentence *cum* supervision term does not exceed the duration of the original term of supervised release." *Id.* at 302.

The government argues that Marlow misreads *Johnson*. Specifically, the government emphasizes that the precise issue here was not even addressed in *Johnson* because the postrevocation sentence in that case did not exceed the original period of supervised release. The government interprets the same language in *Johnson* to reach the opposite conclusion from that advocated by Marlow. Specifically, the government cites the Court's statement that "if 'the term of supervised release' is being served, *in whole or part*, in prison, then *something about the term* of supervised release survives the preceding order of revocation." *Johnson*, 529 U.S. at 705. The government gleans from this comment that

sentence'" a period of supervised release, even though none had been ordered in the original sentence. *Id.* at 483-84 (citing 18 U.S.C. § 3583(a)); *accord United States v. Hobbs*, 981 F.2d 1198 (11th Cir. 1993) (holding that, after revocation of probation, district court had the authority to sentence the defendant to a term of imprisonment plus a term of supervised release pursuant to § 3583(a)).

In response to the government's argument, Marlow merely states that the court cannot rely on § 3583(a) because subsection (e)(3) is the more specific statute and prohibits such an action. Marlow cites no authority for that proposition. Perhaps the most persuasive argument against construing subsection (a) in the manner argued by the government can be found in Justice Kennedy's concurring opinion in *Johnson*. Justice Kennedy stated that the invocation of subsection (a) "raises more issues than it resolves, not the least of which is the description of the district court's action as 'imposing a sentence.'" *Johnson*, 529 U.S. at 714 (Kennedy, J., concurring). Justice Kennedy is of the view that subsection (a) is inapplicable to postrevocation sentencing because ordering a term of imprisonment after revocation is not "imposing a sentence" within the meaning of that subsection.

Despite the reservations of Justice Kennedy and two other justices, six of the justices found § 3583(a) to be valid authority on which a district court could rely in imposing a term of supervised release following a postrevocation incarceration. Thus, in light of the *dicta* in *Johnson* and in the absence of any compelling authority to the contrary,[7] it

---

[7] Appellate courts have noted that they are obligated to follow Supreme Court *dicta*, particularly when there is no substantial reason for disregarding it, such as age or subsequent statements undermining its rationale. *See, e.g., Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996) ("this court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements"); *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991), *cert. denied*, 504 U.S. 910 (1992) ("federal appellate courts are bound by the Supreme Court's considered

support for its decision. Justice Kennedy stated that the reference to § 3583(a) "raises more issues than it resolves." *Id.* at 714 (Kennedy, J., concurring). In his dissent, Justice Scalia opined:

> The Court's confusing discussion of how § 3583(a) would produce consequences similar to those its opinion achieves . . . is entirely irrelevant. . . . The Court carefully *does not* maintain – and it *could* not, for reasons I need not describe – that subsection (a) justifies imposition of postrevocation supervisory release given the *actual* text of subsection (e)(3), and nothing more is pertinent here.

*Id.* at 722-23 (Scalia, J., dissenting) (emphasis in original). With respect to subsection (e)(2), Justice Kennedy stated that "[t]he subparts of § 3583(e) are phrased in the disjunctive; and § 3583(e)(3) must stand on its own." *Id.* at 714. Justice Thomas simply stated that the Court's discussions of subsections (a) and (e)(2) were "unnecessary to the result." *Id.* at 715 (Thomas, J., concurring).

Though the Court's discussion of this issue was *dicta*, six justices agreed that "[t]here is no reason to think that under that regime [if subsection (e)(3) did not authorize a court to order a postrevocation term of supervised release] the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a)." *Id.* at 708. In this regard, the Court cited *United States v. Wesley*, 81 F.3d 482, 483-484 (4th Cir. 1996), where the defendant had been sentenced to three years of probation after pleading guilty to embezzlement from the Veterans' Administration. *Johnson*, 529 U.S. at 708. After revoking his probation, the court sentenced the defendant to six months in prison and three years of supervised release. *Wesley*, 81 F.3d at 483. The defendant argued that the district court was not authorized to sentence him to a period of supervised release. *Id.* The Fourth Circuit disagreed, and held that because the district court was "'imposing a sentence,'" it had the general sentencing authority in § 3583(a) to include "'as a part of the

even if a defendant is reincarcerated for the "whole" term of the initial supervised release, then "something about the term" of supervised release still remains. If that is so, then the district court must have the power to order a term of supervised release that would, when combined with the term of reimprisonment, exceed the original term of supervised release. The government argues that the *Johnson* opinion, when read as a whole, supports this expansive view of subsection (e)(3) much more than the restrictive view.

We are persuaded that Marlow's interpretation of *Johnson* is correct, and it is consistent with the meaning of the statute. Our analysis begins with a review of the language of § 3583(e)(3), which allows a court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on postrelease supervision." § 3583(e)(3). Unfortunately, that subsection is devoid of any language relating to the permissible duration of any postrevocation order of supervised release. Though § 3583(h)[4] was later promulgated to fill that void, this court must determine the intent of Congress with respect to subsection (e)(3) without the benefit of subsection (h).

The language in *Johnson* supports Marlow's position that subsection (e)(3) authorizes a district court to revoke a term of supervised release, then order a defendant "to serve in prison all or part of the term of supervised release," *id*.

---

[4] Section 3583(h) provides:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

§ 3583(e), and order any "balance" to "remain effective as a term of supervised release when the reincarceration is over," *Johnson*, 529 U.S. at 706. The Court reiterated this concept of "balance" when it explained that "revoke," in the context of subsection (e)(3), means "to call or summon back" the term of supervised release, "allowing a 'revoked' term of supervised release to retain vitality after revocation." *Id.* at 706-07. Using that definition allows for a postrevocation term of supervised release, but only as a continued existence of the original term. The Court stated that "any balance not served in prison may survive to be served out as supervised release." *Id.* at 707.

Though the "balance" of a term of supervised release may continue its vitality beyond the postrevocation incarceration, there is no language in subsection (e)(3) authorizing a court to order a postrevocation term of supervised release beyond the duration of the initial supervised term, even when a district court reincarcerates the defendant for the full term. We do not find that the language in *Johnson*, when read in its totality, supports the government's argument that subsection (e)(3) gives a district court authority to order a term of supervised release beyond that contemplated in the original order of supervised release.

Justice Kennedy's concurrence further supports Marlow's position. He stated that subsection (e)(3) indicates that, after a district court revokes a term of supervised release, "there is yet an unexpired term of supervised release that can be allocated, in the court's discretion, in whole or in part to confinement and to release on such terms and conditions as the court specifies. . . ." *Id.* at 713-14 (Kennedy, J., concurring). He then stated specifically that "the term of imprisonment plus any further term of supervised release imposed under § 3583(e)(3) may not exceed the original term of supervised release that had been imposed and then violated." *Id.* at 714. Justice Kennedy embraced the

"convincing analysis" in *O'Neil*, on which Marlow relies, as support for his conclusion.[5] *Id.*

We agree with Marlow regarding the impact of *Johnson* on this issue. Accordingly, we hold that § 3583(e)(3) does not authorize the district court to impose a postrevocation sentence that endures longer than the original term of supervised release.

Whether any other statutory provision authorizes the district court to impose additional supervised release postrevocation is a different issue. The Court in *Johnson* stated in *dicta* that, even if subsection (e)(3) did not authorize the court to impose a term of supervised release following a postrevocation term of imprisonment, "[t]here is no reason to think that . . . the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a)."[6] *Id.* at 708. In addition, the Court mentioned that subsection (e)(3) limited the postrevocation prison sentence to the duration of the original period of supervised release, but noted in a parenthetical that "[i]f less than the maximum has been imposed, a court presumably may, before revoking the term, extend it pursuant to § 3583(e)(2); this would allow the term of imprisonment to equal the term of supervised release authorized for the initial offense." *Id.* at 712.

In separate concurring opinions, Justices Kennedy and Thomas agreed that § 3583(e)(3) authorized the district court to order postrevocation supervised release, but they rejected the Court's reliance on subsections (a) and (e)(2) as additional

---

[5] The majority cited *O'Neil* in its discussion regarding the definition of "revoke," but it did not rely directly on that case in reaching its ultimate conclusion. *Johnson*, 529 U.S. at 706.

[6] Title 18 U.S.C. § 3583(a) provides in pertinent part that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."