*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0048p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-3290

PAUL VANHOOSE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 03-00005—Edmund A. Sargus, Jr., District Judge.

Argued: November 1, 2005

Decided and Filed: February 7, 2006

Before: MOORE and SUTTON, Circuit Judges; BUNNING, District Judge.[*]

---

## COUNSEL

**ARGUED:** Steven S. Nolder, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Salvador A. Dominguez, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** Steven S. Nolder, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Salvador A. Dominguez, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. In February 1994, Defendant-Appellant Paul VanHoose ("VanHoose"), having been convicted of a federal drug offense, was sentenced to a prison term to be followed by a term of supervised release. VanHoose subsequently violated several supervised-release conditions. The district court revoked the supervised-release term and sentenced VanHoose to the maximum statutorily-authorized prison term to be followed by a new term of supervised release. In doing so, the district court invoked 18 U.S.C. § 3583(h), a provision that was enacted in September 1994.

---

[*] The Honorable David L. Bunning, United States District Court for the Eastern District of Kentucky, sitting by designation.

VanHoose argues that the district court violated the Ex Post Facto Clause by sentencing him pursuant to a statutory provision that was not in effect at the time of the conduct that led to his original conviction and sentence. VanHoose also contends that under 18 U.S.C. § 3583(e)(3), the statutory provision that *was* in effect at the time of his federal offense, the imposition of a maximum postrevocation prison term foreclosed the possibility of a new term of supervised release.

Because the Ex Post Facto Clause was not implicated by the district court's erroneous reliance on § 3583(h) and the sentence was statutorily authorized by § 3583(e)(3), we **AFFIRM** VanHoose's sentence.

## I. BACKGROUND

### A. Factual and Procedural Background

On February 14, 1994, VanHoose was sentenced to 125 months in prison, thirty-six months of supervised release, and a fine for conspiring to commit drug offenses in violation of 21 U.S.C. § 846.[1] VanHoose's term of supervised release commenced on November 15, 2002. On February 10, 2005, VanHoose admitted to having violated conditions of his supervised release requiring him to report to his probation officer and to avoid committing another crime or possessing drugs. The district court revoked VanHoose's supervised release and, invoking § 3583(h), sentenced VanHoose to twenty-four months in prison and a new supervised-release term of twenty-four months. VanHoose now appeals his sentence.

### B. Legislative Background

Section 3583(e)(3) governs the revocation of supervised release. At the time of VanHoose's federal offense, it provided in relevant part:

> The court may . . . revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, . . . except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V).[2] The majority of the courts of appeals — including this one — interpreted this section to give district courts no authority to impose a new term of supervised release following revocation and reimprisonment. *Johnson v. United States*, 529 U.S. 694, 698 & n.2 (2000). The Supreme Court concluded otherwise in *Johnson*, 529 U.S. at 713.

On September 13, 1994, Congress enacted § 3583(h) to clarify the law governing postrevocation supervised release. It provided in relevant part:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment*

---

[1] VanHoose was convicted and sentenced in the Southern District of West Virginia, but jurisdiction was transferred to the Southern District of Ohio on January 14, 2003.

[2] The section has since been amended, but the changes are not relevant to this appeal. *See* 18 U.S.C. § 3583(e)(3).

*authorized under subsection (e)(3)*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1994) (emphasis added). On April 30, 2003, Congress amended the section by removing the emphasized text. PROTECT Act, Pub. L. No. 108-21, § 101(2), 117 Stat. 650, 651 (2003) (codified at 18 U.S.C. § 3583(h)).

## II. ANALYSIS

### A. Section 3583(h) and the Ex Post Facto Clause

#### 1. Standard of Review

VanHoose argues that his sentence was contrary to the Ex Post Facto Clause because the district court relied on § 3583(h), a provision that was enacted on September 13, 1994, i.e., *after* VanHoose was sentenced on February 14, 1994.[3] Ex post facto challenges present questions of law that we typically review de novo. *United States v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002); *Hamama v. INS*, 78 F.3d 233, 235 (6th Cir. 1996); *United States v. Knipp*, 963 F.2d 839, 842-43 (6th Cir. 1992). Because VanHoose did not raise the issue before the district court,[4] however, his claim is reviewed for plain error. FED. R. CRIM. P. 52(b); *United States v. Davis*, 397 F.3d 340, 346 (6th Cir. 2005); *United States v. Green*, 305 F.3d 422, 432 (6th Cir. 2002); *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001); *United States v. Covert*, 117 F.3d 940, 944 (6th Cir.), *cert. denied*, 522 U.S. 880 (1997). To satisfy the plain error standard, "there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (alterations in original) (citations and internal quotation marks omitted).

#### 2. Merits

The federal Ex Post Facto Clause provides that "[n]o . . . ex post facto Law shall be passed." U.S. CONST. art. I, § 9, cl. 3; *see also* U.S. CONST. art. I, § 10, cl. 1 (Ex Post Facto Clause directed at the states). "The heart of the *Ex Post Facto* Clause bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed . . . .'" *Johnson*, 529 U.S. at 699 (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798) (Chase, J.)) (citation omitted). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981).

---

[3] The relevant date for ex post facto purposes is not the date of conviction or sentencing but the date the offense was committed. *Miller v. Florida*, 482 U.S. 423, 426-27, 435-36 (1987) (invalidating the application of sentencing guidelines that went into effect after the commission of the offense but before conviction and sentencing). In the text we have stated the date VanHoose was sentenced because the date of his federal drug offense is not apparent from the record. Of course, because VanHoose was sentenced before the effective date of § 3583(h) and the offense obviously preceded the sentencing, there is no question that the offense conduct occurred before § 3583(h) went into effect.

Also, punishment for the violation of supervised-release conditions relates back to the date of the original offense rather than the date of the supervised-release violation. *Johnson v. United States*, 529 U.S. 694, 701 (2000).

[4] When the district court relied on § 3583(h) to impose the postrevocation sentence, VanHoose offered the statutory argument discussed below but made no ex post facto objection.

A simple comparison of the date that VanHoose was sentenced for his original federal drug offense (February 14, 1994) and the date that § 3583(h) went into effect (September 13, 1994) reveals that it was erroneous for the district court to impose VanHoose's postrevocation sentence pursuant to § 3583(h) rather than § 3583(e)(3).[5]  The Supreme Court has squarely held, however, that this error does not have constitutional significance.  In *Johnson v. United States*, the defendant, like VanHoose, raised an ex post facto claim because he (i) was initially sentenced to prison and supervised release before the enactment of § 3583(h) and (ii) received a postrevocation sentence under § 3583(h) of a new prison term to be followed by a new supervised-release term.  529 U.S. at 697-98.  The Court held that the postrevocation sentence did not implicate the Ex Post Facto Clause because Congress did not intend § 3583(h) to have retroactive effect; instead, the section "applies only to cases in which that initial offense occurred after the effective date of the amendment, September 13, 1994."  *Id.* at 702.  Following *Johnson*, we reject VanHoose's ex post facto challenge.

## B.  Statutory Authority

### 1.  Standard of Review

After rejecting the defendant's ex post facto claim, the *Johnson* Court turned to whether the postrevocation sentence was permissible under § 3583(e)(3), the provision governing supervised-release revocation that was in effect at the time of the original offense.  529 U.S. at 702-03. Similarly, we turn to VanHoose's second argument — that his postrevocation sentence was not authorized by § 3583(e)(3).  Because this issue is a matter of statutory interpretation, we conduct de novo review.  *United States v. Marlow*, 278 F.3d 581, 583 (6th Cir.) (interpreting §§ 3583(a) and (e)(3)), *cert. denied*, 535 U.S. 1119 (2002); *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998) (interpreting § 3584(a)).

### 2.  Merits

Upon the revocation of his supervised release, VanHoose was sentenced to twenty-four months in prison and twenty-four months of supervised release.  It will be helpful first to set out the aspects of this sentence that VanHoose does *not* challenge.  He does not object to the length of his postrevocation sentence's prison component, which was clearly valid.  (Where the original offense is a Class C felony — which VanHoose's 1994 offense was — § 3583(e)(3) permits a postrevocation prison term of up to two years.)  Nor does VanHoose challenge the district court's general authority to impose postrevocation supervised release under § 3583(e)(3), an authority that the Supreme Court recognized in *Johnson*, 529 U.S. at 713.  What VanHoose *does* challenge is the specific combination of prison and supervised release imposed by the district court.  He argues that when the district court imposes the *maximum* postrevocation prison sentence permitted by § 3583(e), that provision forbids the imposition of a new supervised-release term.[6]

---

[5] The government wisely conceded this point at oral argument.

[6] At first glance, the distinction that VanHoose draws between maximum and non-maximum postrevocation prison sentences may seem quite arbitrary.  It is clear, however, that VanHoose's argument does not come from thin air. Section 3583(h), which was intended to clarify the law regarding postrevocation supervised release, made just such a distinction when it was originally enacted: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment authorized under subsection (e)(3)*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h) (1994) (emphasis added).  However, the task before us today is to interpret the law as it stood at the time of VanHoose's original federal offense, when § 3583(e)(3) existed but § 3583(h) did not.

Our analysis begins with the text of § 3583(e)(3). *Marlow*, 278 F.3d at 585; *see also Johnson*, 529 U.S. at 704. At the time of VanHoose's federal offense, § 3583(e)(3) provided in relevant part:

> The court may . . . revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, . . . except that a person whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if the offense was a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V). VanHoose's proposed ban on the imposition of supervised release following a maximum postrevocation prison term is not discernible in the text of the statute. This comes as no surprise, however, given that the text does not explicitly discuss postrevocation supervised release at all. *Johnson*, 529 U.S. at 704; *Marlow*, 278 F.3d at 585.

The Supreme Court's interpretation of § 3583(e)(3) in *Johnson*, however, sheds considerable light on this textual darkness:

> Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed. (If less than the maximum has been imposed, a court presumably may, before revoking the term, extend it pursuant to § 3583(e)(2); this would allow the term of imprisonment to equal the term of supervised release authorized for the initial offense.) The new prison term is limited further according to the gravity of the original offense. But *nothing in these specific provisions suggests that the possibility of supervised release following imprisonment was meant to be eliminated*.

*Id.* at 712-13 (emphasis added) (citation omitted). When the Supreme Court explained that "[t]he new prison term is limited further according to the gravity of the original offense," *Johnson*, 529 U.S. at 712, it clearly had in mind limits on postrevocation prison sentences like the one in the instant case (i.e., the two-year limit on the postrevocation prison term where the original offense is a Class C felony). In the very next sentence, the Court concluded that "nothing in these specific provisions suggests that the possibility of supervised release following imprisonment was meant to be eliminated." *Id.* at 712-13. Of course, the Court addressed this conclusion to the general authority to impose supervised release following a postrevocation prison term rather than to the specific authority to impose supervised release following a *maximum* postrevocation prison term. There is no principled reason, however, for us to carve out an exception to the general proposition that "nothing . . . suggests that the possibility of supervised release following imprisonment was meant to be eliminated." *Id.*

Further supporting this interpretation of § 3583(e)(3) is the Court's careful explanation of exactly what a defendant serves when he is imprisoned upon revocation of supervised release:

> So far as the text is concerned, it is not a "term of imprisonment" that is to be served, but all or part of "the term of supervised release." But if "the term of supervised release" is being served, in whole or part, in prison, then something about the term of supervised release survives the preceding order of revocation. . . . [U]nlike a "terminated" order of supervised release, one that is "revoked" continues to have some effect. And since it continues in some sense after revocation even when part of it is served in prison, why can the balance of it not remain effective as a term of supervised release when the reincarceration is over?

*Johnson*, 529 U.S. at 705-06 (quoting § 3583(e)(3)). Once again, the Court's analysis was given in the context of the general question it faced (i.e., supervised release to follow a postrevocation prison term) rather than with respect to the narrow question raised here (i.e., supervised release to follow a *maximum* postrevocation prison term). Yet once again, there is nothing in either the Court's explanation or the statute itself that logically precludes application of these general principles to VanHoose's sentence. Whether the postrevocation prison sentence imposed upon a given defendant is the maximum authorized by § 3583(e)(3) (here, two years) or a day short of it (one year, 364 days), it remains the case that "it is not a 'term of imprisonment' that is to be served, but all or part of 'the term of supervised release.'" *Id.* at 705. Adherence to the Court's reasoning means that even when the district court imposes the maximum postrevocation prison sentence authorized by § 3583(e)(3), "the balance of [the initial term of supervised release] . . . [can] remain effective as a term of supervised release when the reincarceration is over." *Id.* at 706.

Our reasoning is consistent with that of the sole other circuit to address this issue. The Seventh Circuit rejected an argument identical to VanHoose's, concluding that under *Johnson*,

> § 3583(e)(3)'s limitation on the amount of time a district court can reimprison a defendant for violating a condition of supervised release — vis-à[-]vis the maximum terms of imprisonment included in that subsection — cannot be construed as eliminating or restricting the authority of the court to include a new term of supervised release in the defendant's revocation sentence . . . .

*United States v. Russell*, 340 F.3d 450, 458 (7th Cir. 2003). Moreover, two other circuits have endorsed the imposition of supervised release following a maximum postrevocation prison sentence,[7] albeit while principally addressing different challenges. *United States v. St. John*, 92 F.3d 761, 767 (8th Cir. 1996), *overruled on other grounds by United States v. Palmer*, 380 F.3d 395 (8th Cir. 2004) (en banc); *United States v. O'Neil*, 11 F.3d 292, 301-02 (1st Cir. 1993).

Finally, VanHoose's reliance on § 7B1.3(g)(2) of the United States Sentencing Guidelines does not alter our conclusion. At the time of sentencing, this provision stated: "Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment." If viewed in isolation, this language arguably supports VanHoose's position. As VanHoose acknowledges, however, the provision is merely a policy statement and therefore does not control the answer to our inquiry. *See United States v. Sparks*, 19 F.3d 1099, 1101 n.3 (6th Cir. 1994). Given the tension between the policy statement and *Johnson*'s interpretation of § 3583(e)(3), we opt to follow *Johnson*.

---

[7]It may seem unusual that more circuits have not already joined the First, Seventh, and Eighth Circuits in reaching this conclusion. Upon closer inspection of the development of § 3583(e)(3) jurisprudence, however, this result is unsurprising.

First, pre-*Johnson* case law in the courts of appeals prevented the issue from ever reaching them. Before the Supreme Court decided *Johnson*, nine of the eleven circuits to consider the question — including this one — had held that § 3583(e)(3) did not authorize the imposition of supervised release following revocation and reimprisonment. *Johnson*, 529 U.S. at 698 & n.2. Obviously, the narrower issue we face today (i.e., the imposition of supervised release following a *maximum* postrevocation prison term) would not have arisen in these circuits. The two circuits that *did* permit the imposition of supervised release following postrevocation and reimprisonment — the First and Eighth Circuits, *id.* — are the ones that decided the cases cited in the text.

Second, *Johnson* was decided in 2000, so the nine circuits that it corrected have had less than six years to address the issue raised in the instant case. We appear to be only the second of these nine circuits to have done so (after the Seventh Circuit in *Russell*). Finally, the supply of post-*Johnson* cases in which VanHoose's argument could have been raised is relatively low because the enactment of § 3583(h) clarified the issue for offenses occurring after September 13, 1994.

In sum, we hold that a district court's § 3583(e)(3) authority to impose a supervised-release term to follow a postrevocation prison term is not extinguished simply because that prison term is the maximum one.[8]

\* \* \*

*Johnson* strongly suggests that the total postrevocation sentence may not exceed the length of the original supervised-release term. As we discussed above, the Court explained that a defendant serving a postrevocation sentence is actually continuing to serve his initial term of supervised release and that the "balance" of the initial supervised-release term remains effective after reincarceration. *Johnson*, 529 U.S. at 705-06. Accordingly, this court has held that "§ 3583(e)(3) does not authorize the district court to impose a postrevocation sentence that endures longer than the original term of supervised release." *Marlow*, 278 F.3d at 586; *accord Russell*, 340 F.3d at 454; *St. John*, 92 F.3d at 765; *O'Neil*, 11 F.3d at 301-02. Thus, by imposing upon VanHoose a total postrevocation sentence of forty-eight months (consisting of twenty-four months in prison plus twenty-four months of supervised release), which is twelve months more than the original thirty-six-month supervised-release term, the district court exceeded its authority under § 3583(e)(3).

Yet VanHoose does not independently attack the total duration of his postrevocation sentence of prison and additional supervised release. The failure to pursue this line of argument does not appear to be the result of poor lawyering. It instead likely reflects the resignation that a questionable decision by a panel of this court makes such a challenge impossible to win.

Although it held that § 3583(e)(3) does not permit the total postrevocation sentence of prison and additional supervised release to exceed the original supervised-release term, the *Marlow* panel concluded that a different provision, § 3583(a), *does* authorize such a sentence. 278 F.3d at 588. As the Seventh Circuit has observed, however, "there are several problems with the . . . reasoning in *Marlow*." *Russell*, 340 F.3d at 455. Chief among these infirmities is *Marlow*'s reading of *Johnson*:

> The Court in *Johnson* stated in *dicta* that, even if subsection (e)(3) did not authorize the court to impose a term of supervised release following a postrevocation term of imprisonment, "[t]here is no reason to think that . . . the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a)."

*Marlow*, 278 F.3d at 586 (alteration and omission in original) (quoting *Johnson*, 529 U.S. at 708). As the Seventh Circuit has ably shown, *Marlow* actually *mis*read *Johnson*: the Court was simply explaining the consequences of the dissent's interpretation of § 3583(e)(3), which, of course, the majority rejected. *Russell*, 340 F.3d at 455-56. The Seventh Circuit also persuasively argued that *Marlow*'s holding is inconsistent with the text of § 3583(a) and ignores the canon of statutory interpretation that the specific (§ 3583(e)(3)) governs the general (§ 3583(a)). *Russell*, 340 F.3d at 456-57. Perhaps the most puzzling aspect of *Marlow* is that it makes *Johnson* a pointless exercise: the Court need not have struggled over whether § 3583(e)(3) permits the imposition of

---

[8] At oral argument, each counsel pointed out a strange consequence of his opponent's argument. Under VanHoose's rule, a defendant with a long original supervised-release term (such as life) who violates supervised release and receives a maximum postrevocation prison term would be subject to *no* supervised release, even though he was originally deemed to require many years of supervision and has committed a violation to boot. Under the government's rule, if VanHoose were to violate his postrevocation supervised release, he would not be subject to *any* additional imprisonment (other than pursuant to potential separate prosecutions for violations that are independent crimes), because any potential reimprisonment would have been exhausted by the maximum two-year postrevocation prison term. We agree that both results are odd. We need not decide which one is less desirable, however, because today's decision follows from *Johnson*.

postrevocation supervised release if that authority already existed under § 3583(a).**9** *Russell*, 340 F.3d at 457.

This circuit is the only one to have read *Johnson* to allow the circumvention of § 3583(e)(3)'s limits via § 3583(a). Even though it appears that *Marlow* was wrongly decided, it will continue to bind this and future panels unless and until the en banc court reconsiders the question or the Supreme Court corrects the error.**10** *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6TH CIR. R. 206.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** VanHoose's sentence.

---

**9**This characteristic makes *Marlow* more problematic than *United States v. Fareed*, 296 F.3d 243 (4th Cir.), *cert. denied*, 537 U.S. 1037 (2002). There, the Fourth Circuit adopted an approach similar to *Marlow* (and approvingly cited the case) when it declined to address whether § 3583(g) authorized a postrevocation sentence and instead affirmed the sentence as authorized by § 3583(a). Because there is no § 3583(g) analogue to *Johnson*, the Fourth Circuit did not make a Supreme Court decision irrelevant.

**10**Citing *Marlow*, the government urges us to reject VanHoose's challenge by invoking the general sentencing authority of § 3583(a). Appellee's Br. at 13-14. *Marlow* does not control this case because it addressed the overall length of a postrevocation sentence rather than the specific question presented here (i.e., whether a district court may impose supervised release to follow a maximum postrevocation prison term). We decline the government's invitation to extend *Marlow* because the Supreme Court provided sufficient guidance — in the form of *Johnson* — for us to decide the narrow issue presented by VanHoose. Of course, our reliance on *Johnson* to answer this narrow question does not indicate a belief that the Supreme Court would approve the overall duration of VanHoose's sentence. (Indeed, we believe the sentence to be too long under *Johnson*.) We reiterate that VanHoose did not challenge the total length of his sentence and that if he had done so, his argument would be foreclosed by *Marlow*, not *Johnson*.