**File Name: 08a0766n.06**

**Filed: December 17, 2008**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 07-5224**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JEFFREY D. ROACH, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| | ) | |

**Before: GIBBONS and COOK, Circuit Judges; STEEH,*** District Judge.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Jeffrey Roach appeals the

district court's sentencing of him after the revocation of his supervised release to a term of

imprisonment greater than his initial term of supervised release. Because we have previously held

that a postrevocation sentence may extend for longer than the original term of supervised release,

*United States v. Marlow*, 278 F.3d 581 (6th Cir. 2002), we affirm the district court's decision.

I.

Roach was initially sentenced on June 21, 1991 to fifteen years imprisonment followed by

---

*The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

three years of supervised release for, *inter alia*, possession of a firearm after having been convicted of a felony. Roach served his time in prison and began the period of supervised release on March 24, 2005. The supervised release was revoked on March 6, 2006, when Roach "stipulated that he [had] violated the terms of his supervised release by his possession of rock cocaine and marijuana on September 15, 2005, which he had planned to trade for sex." The district court considered the violation guideline range of eight to fourteen months imprisonment, sentencing him to eight months imprisonment followed by three years of supervised release.

Roach served that term of imprisonment and began his second period of supervised release on June 12, 2006. On July 2, 2006, Lieutenant Dan Cliff of the Morristown Police Department observed an oncoming vehicle driving toward him in his lane. He let the vehicle pass, and then he turned his car around and switched on his lights. He saw Roach throw a bag with white powder in it and some white rocks out of the vehicle. Cliff radioed Officer Pete Shockley, who is a canine officer for the Morristown Police Department, and told him that a suspect threw "dope" out of the vehicle and told him the location to retrieve the contraband. Shockley retrieved the bag and twenty-four rocks, and the substances field-tested positive for cocaine. The lab report on the substances was also positive for crack cocaine.

The Dispositional Report ("Report") filed by the United States Probation Office stated that the maximum statutory penalty faced by Roach under 18 U.S.C. § 3583(e)(3) if his supervised release was revoked was sixty months incarceration, but because the defendant had previously served a total of eight months for a supervised release revocation, the maximum sentence that could be imposed would be fifty-two months incarceration. The Report stated that Roach had exhibited poor

behavior and appeared to have "no intention of following any conditions set by the Court." The Report recommended that "Mr. Roach's supervised release be revoked, and that he be sentenced within the prescribed revocation range." Roach objected to the Dispositional Report, arguing that the Sixth Circuit decision in *Marlow* conflicted with the decision of the United States Supreme Court in *Johnson v. United States*, 529 U.S. 694 (2000), and that the court lacked authority to impose a post-revocation sentence longer than Roach's initial three-year term of supervised release.

The district court found by a preponderance of the evidence "that the defendant committed the offenses of possession of a narcotic for resale and tampering with evidence." Therefore, the court found that he violated Standard Condition Seven of his supervised release, which states that he "shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician." After noting Roach's lengthy criminal history, including three prior convictions for aggravated assault, and his criminal history category of VI, the court found that Roach showed "a complete unwillingness to abide by the terms and conditions of supervised release" as evidenced by his possession of illegal narcotics within three weeks of being released from prison. District Court Order of Feb. 7, 2007 at 6. The court stated that because of Roach's prior criminal record and the failure of numerous incarcerations to deter his criminal behavior, the public had an important need to be protected from his conduct. The district court found Roach's violation guideline range to be fifty-one to sixty-three months and sentenced him to a period of fifty-two months incarceration followed by no additional term of supervised release on February 7, 2007. Roach filed a timely notice of appeal on February 7, 2007.

II.

We review *de novo* the determination of a district court's authority to impose a sentence following revocation of supervised release. *United States v. VanHoose*, 437 F.3d 497, 501 (6th Cir. 2006). Roach does not contest the procedural or substantive reasonableness of his fifty-two month sentence. Roach instead argues that the district court erred in sentencing him to a term of imprisonment that exceeds his original period of supervised release and that the term of imprisonment must also be reduced by the eight-month portion of the original term of supervised release that he already served because of a prior violation.

When Roach was originally convicted and sentenced in 1991, 18 U.S.C. § 3583(e)(3) authorized district courts to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on postrelease supervision." The text of § 3583(e)(3) did not address the issue of whether a district court could impose an additional term of supervised release after revoking the original term of supervised release and ordering re-imprisonment. *See Johnson*, 529 U.S. at 698 (stating that the power to impose another term of supervised release following imprisonment was "not readily apparent from the text of § 3583(e)(3)"). Congress amended § 3583 in 1994 to add subsection (h), which explicitly provides that courts may impose another term of supervised release after an initial period of supervised release has been revoked and a term of imprisonment imposed upon a defendant. *Id.* Subsection (h) also states that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation

4

*United States v. Roach*, No. 07-5224

of supervised release." 18 U.S.C. § 3583(h).

In *Johnson,* the Supreme Court held that § 3583(h) does not apply retroactively to offenses committed before the effective date of the amendment, September 13, 1994. *Johnson*, 529 U.S. at 702. However, *Johnson* affirmed an additional period of supervised release imposed after the initial term of supervised release was revoked and the defendant reimprisoned based upon § 3583(e)(3). *Id.* at 713. The Court found that § 3583(e)(3) retained linguistic continuity from the preguidelines practice and that Congressional intent favored allowing reimposition of supervised release following reimprisonment. *Id.* As Roach acknowledges, *Johnson* did not specifically rule about the duration of the new term of supervised release.

In *United States v. Marlow*, this court applied the principles from *Johnson* to a case where the defendant was initially sentenced to prison time and four years of supervised release. *Marlow*, 278 F.3d at 582. After Marlow violated the conditions of his supervised release, the district court revoked his release and sentenced him to serve twenty months in prison followed by a new four-year term of supervised release. *Id.* Marlow appealed, and this court held that while § 3583(e)(3) did not authorize a new sentence longer than the initial term of supervised release, the district court's general sentencing authority under § 3583(a) gave the court authority to impose an additional term of supervised release after postrevocation incarceration. *Id.*

Roach argues that we should overrule *Marlow*, relying on the Seventh Circuit's rejection of the *Marlow* rule in *United States v. Russell*, 340 F.3d 450 (7th Cir. 2003). In *Russell,* the Seventh Circuit acknowledged that "a combined term of reincarceration and additional supervised release under § 3583(e)(3) could not exceed the length of the original term of supervised release" and the

5

district court could not impose a sentence longer than the original term of supervised release under § 3583(a). *Id*. The Seventh Circuit opined that the *Marlow* court improperly relied upon a section of the *Johnson* opinion that explained the consequences of the dissent's interpretation of the statute at issue. In addition, it found that "the plain meaning of § 3583(a)'s text strongly suggests that subsection applies only to the initial setting of a supervised release term." *Id.* at 456. Finally, the Seventh Circuit found that *Marlow*'s interpretation would allow district courts to bypass § 3583(e)(3) and would render the exchange between Justice Souter's majority opinion and Justice Scalia's dissent in *Johnson* moot because the *Johnson* court would not have had to determine whether § 3583(e)(3) allows the imposition of the sentence if the sentence could simply be imposed under § 3583(a). *Id.* at 457.

A panel of this court also questioned *Marlow* in *dicta* in *United States v. VanHoose*, 437 F.3d at 505. VanHoose was originally sentenced to imprisonment and three years of supervised release. *Id.* at 499. Upon violating the terms of his supervised release, VanHoose's supervised release was revoked and he was sentenced to two years in prison and two years of supervised release. *Id.* The panel criticized the *Marlow* decision for misreading *Johnson*, for making *Johnson* a "pointless exercise," and for ignoring the canon of statutory interpretation that the specific § 3583(e)(3) governs the general § 3583(a). *Id.* at 505. Nonetheless, the panel upheld VanHoose's sentence, writing: "Even though it appears that *Marlow* was wrongly decided, it will continue to bind this and future panels unless and until the en banc court reconsiders the question or the Supreme Court corrects the error." *Id.* at 505-06.

*Marlow* constitutes the law of this Circuit and therefore controls the outcome of this case.

*See id*. We are not sitting *en banc* and have no authority to disregard a Sixth Circuit precedent on point, nor does this issue seem worthy of *en banc* review. *See Dingle v. Bioport Corp.*, 388 F.3d 209, 215 (6th Cir. 2004) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). In addition, *Marlow*'s reasoning has substantive merit. Section 3583(a) vests in the district court broad sentencing authority to impose supervised release after imprisonment, and it is a fair interpretation of that provision to assume that § 3583(a) provides valid authority to impose a postrevocation sentence greater than the original period of supervised release. Therefore, we conclude that the district court did not err in sentencing Roach to a term of imprisonment that exceeded his original period of supervised release.

Roach's second contention, that the district court did not reduce his sentence by that portion of the original term of supervised release which he served by reason of a previous supervised release violation, has no merit. Contrary to Roach's assertion, the district court did reduce his sentence by the eight months he previously served, as the Dispositional Report had recommended. Roach's previous incarceration of eight months for a previous supervised release violation has already been taken into account by his sentence of fifty-two months incarceration, eight months lower than the sixty-month statutory maximum.

III.

For the foregoing reasons, we affirm the judgment of the district court.