**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4526**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BYRON ROSWELL HESS, IV,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00239-MOC-1)

Submitted: April 29, 2016          Decided: May 5, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Roswell Hess, IV, appeals his sentence of 60 months' imprisonment and lifetime supervised release after pleading guilty to possession of child pornography. Hess challenges the term and several conditions of his supervised release. Finding no reversible error, we affirm.

We ordinarily review a criminal sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We likewise review for abuse of discretion the imposition of conditions on supervised release, an area where district courts have broad latitude. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009). However, because Hess did not object to the procedural or substantive reasonableness of his sentence before the district court, we review only for plain error. See United States v. Wesley, 81 F.3d 482, 484 (4th Cir. 1996). To establish plain error, Hess must show "'(1) error, (2) that is plain, and (3) that affect[s] substantial rights.'" United States v. Thomas, 669 F.3d 421, 424 (4th Cir. 2012) (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)).

We detect no plain error in the district court's imposition of supervised release. Hess contends that the district court failed to explain adequately its reasons for ordering a lifetime term and several conditions of supervised release. Having reviewed the record, we find the district court's explanation sufficient.

2

Hess further argues that a number of his supervised-release conditions are unconstitutionally vague. However, because no binding precedent establishes that these conditions are unconstitutional, Hess cannot satisfy the second requirement of plain error review. Even if we were to conclude that Hess' supervised-release conditions are vague, they are not plainly so. Thus, we decline to disturb them.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED