**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4071**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHRISTOPHER CHASE CRAIN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00211-RBH-1)

Argued:  January 30, 2009              Decided:  March 31, 2009

Before SHEDD and AGEE, Circuit Judges, and Arthur L. ALARCÓN, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ARGUED:** Michael A. Meetze, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Carrie Ann Fisher, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:** Kevin F. McDonald, Acting United States Attorney, Columbia, South Carolina; William E. Day, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Crain appeals from the district court's judgment and sentence imposing a term of 27 months confinement, followed by three years of supervised release with certain special conditions, including the requirement that Crain register with the state sex offender registration agency in the state where he resides, as directed by his probation officer. We conclude that the district court did not abuse its discretion in ordering the special condition of release because the condition was reasonably related to the statutory factors set forth in 18 U.S.C. § 3583(d). We therefore affirm the judgment of the district court.

I

A

Crain is a resident of Tennessee. He was originally charged with violating the Mann Act, 18 U.S.C. § 2423(a), for transporting a minor across state lines with the intent to commit the felony of statutory rape under Tennessee law. The charges arose out of an online discourse Crain began with a fourteen-year-old girl from Florence, South Carolina. The discourse started in the fall of 2006, when Crain was nineteen years old, and lasted several months. During that time, Crain and the victim sent nude photographs of themselves to one another. On January 18, 2007, Crain drove from Tennessee to

2

Florence, South Carolina to meet the victim. They returned to Tennessee together. During the car trip, and after they arrived at Crain's house, Crain engaged in sexual conduct with the fourteen-year-old victim. At the time the sexual conduct occurred, Crain was twenty years old.

On the night of January 19, 2007, after the victim's parents reported her missing and learned she was with Crain, local Sheriff's deputies went to Crain's residence and found the victim. Crain told investigators that the victim represented herself as being seventeen years old and that he did not learn her true age until the police picked her up at his house. Conversely, the victim's father told investigators that prior to his daughter's disappearance, he had contacted Crain, informed him that his daughter was fourteen years old, and asked Crain to stop communicating with her.

On October, 4, 2007, Crain pleaded guilty to one count of violating 18 U.S.C. § 1470.[1] In return, the Government withdrew the first indictment charging Crain with violating the Mann Act,

---

[1] 18 U.S.C. § 1470 provides that "[w]hoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both."

a crime that carries with it a statutory minimum five-year sentence. Crain was sentenced to 27 months imprisonment, and three years of supervised release with special conditions. As a condition of his supervised release, Crain was ordered to "register with the state sex offender registration agency in the state where [he] resides, works, or is a student, as directed by the probation officer." At the sentencing hearing, Crain informed the court that he "want[ed] to preserve an objection to any requirement that subjects [him] to the sex offender registry, any of those conditions that [the court] included in there to the extent that he has the right to argue about those things." The district court overruled the objection. The record does not reflect any discussion of or reference to SORNA during the sentencing hearing. Crain filed a timely notice of appeal.

B

1

Before this Court, Crain argues that requiring him to register as a sex offender in his state of residence as a condition of his release is "substantively unreasonable" since "his offense of conviction [transferring obscene material to a minor] has no element of sexual contact." Crain also argues that the condition is "unenforceable by the federal courts." We review special conditions of supervised release for abuse of

4

discretion.  United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003)(citing United States v. Crandon, 173 F.3d 122, 127 (3d Cir. 1999)).

In addition to the mandatory conditions of supervised release set forth in 18 U.S.C. § 3583(d), a sentencing court may impose any other condition of release it considers to be appropriate, so long as that condition is "reasonably related" to (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence imposed to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); (3) "the need for the sentence imposed to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C); and, (4) "the need for the sentence imposed to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).  See 18 U.S.C. § 3583(d) (setting forth statutory factors to which sentence must be reasonably related).

Section 3583(d) further provides that a condition can "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve the purposes of supervised release, and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission[.]"  Id.; see also, Dotson, 324

5

F.3d at 260-61.  A special condition of supervised release may restrict fundamental rights when the special condition "is narrowly tailored and is directly related to deterring [the defendant] and protecting the public."  Crandon, 173 F.3d at 128.  Within these confines, "[a] sentencing judge is given wide discretion in imposing [conditions of] supervised release."  Id. at 127.

Crandon is instructive here.  In Crandon, a thirty-nine-year-old New Jersey resident used the Internet to contact and begin a discourse with a fourteen-year-old female victim who lived in Minnesota.  Id.  Crandon drove to Minnesota, collected the victim, and attempted to drive her back to New Jersey.  Id.  While en route to New Jersey with the minor female victim, Crandon was arrested.  Id.  Crandon pleaded guilty to receiving child pornography through the mail, based upon his having taken, on a prior visit to Minnesota, sexually explicit film photos of the minor female victim which he sent by U.S. mail to be developed.  Id.  On appeal, Crandon challenged the special condition of his supervised release restricting his ability to access the Internet.  He argues that it "bears no logical relation to his offense."  Id.  The Third Circuit affirmed, concluding that the condition restricting Crandon's Internet access was "reasonably related to Crandon's criminal activities, to the goal of deterring him from engaging in further criminal

6

conduct, and to protecting the public." Id. The court reasoned as follows:

> In this case, Crandon used the Internet as a means to develop an illegal sexual relationship with a young girl over a period of several months. Given these compelling circumstances, it seems clear that the condition of release limiting Crandon's Internet access is related to the dual aims of deterring him from recidivism and protecting the public.

Id. at 127-28. See also United States v. Fabiano, 169 F.3d 1299, 1307 (10th Cir. 1999)(holding that the district court acted within its discretion in ordering defendant to comply with Colorado state sex offender registration requirements as a condition of supervised release, whether or not defendant's conduct was "unlawful sexual behavior" under the state's statutory definition).

This circuit has upheld discretionary special conditions of supervised release in similar contexts. See, e.g., Dotson, 324 F.3d at 260-61. In Dotson, this court held that a special condition providing for use of devices such as a polygraph or penile plethysmograph was reasonable where the record showed that defendant pleaded guilty to attempting to receive in commerce a child pornography videotape, and the criminal activities involved the ordering of two "custom" pornographic videotapes of girls between 9 and 12 years old, for which he provided graphic details of his preferences. Id. at 260; see also, United States v. Wesley, 81 F.3d 482 (4th Cir.

7

1996)(upholding abstention from alcohol as a condition of supervised release where defendant pleaded guilty to embezzlement from the Veterans' Administration and had been previously convicted of being intoxicated and disruptive).

While Crain's crime of conviction may not be defined categorically as a "sex offense" in every instance, Crain acknowledged at his sentencing hearing that he understood he could "be held accountable for criminal conduct in which [he was] directly involved . . . [including] conduct alleged in the counts of [his] indictment which [were] dismissed." Crain's criminal activities included his contacting and beginning a sexual discourse with the fourteen-year-old victim, driving to her home state to meet her, and then driving her back to his home state of Tennessee where he engaged in sexual conduct with her. The district court appropriately considered these criminal actions in determining that Crain should register as a sex offender as a condition of his supervised release, as directed by his probation officer. This condition is reasonably related to "the nature and circumstances of [Crain's] offense." 18 U.S.C. § 3553(a)(1).

Requiring that Crain register with his state sex offender registry, as directed by his probation officer, provides the public with a description of Crain, his residential information, and alerts the public and local law enforcement, of Crain's

status as a sex offender.  See 18 U.S.C. § 3553(a)(2)(C).
Registration may also deter Crain from engaging in future
criminal activity, as he will be more closely monitored by local
state law enforcement.  18 U.S.C. § 3553(a)(2)(B).

2

Crain also contends that the district court erred in
ordering him to "register with the state sex offender
registration agency in the state where [he] resides [ . . . ],
as directed by the probation officer," because "his state,
Tennessee, does not require registration for his underlying
offense, and the federal sex offender registry [SORNA] likewise
does not apply to him."[2]  Crain also contends that SORNA is
unconstitutional insofar as it compels states to administer
federal law.  Id.

Our review of the record reveals no discussion before the
district court of the applicability of SORNA to Crain's
sentence.  "An appellant who fails to object in the district

_____

[2] In his opening brief, Crain argued that the district court
lacked authority to order him to register as a sex offender in
his state of residence (Tennessee) because, under Tennessee's
Sexual Offender Registration and Monitoring Act, Crain would not
be required to register since his crime of conviction was not
defined as a "sex offense" under the Tennessee Act.  See T.C.A.
§ 40-39-202(17)(A)(xvi)(2007).  We do not decide the merits of
this argument because we find that the district court had
authority under 18 U.S.C. § 3583 to impose the condition.

court forfeits the right to protest the error on appeal and we review the claim for plain error." United States v. Martin, 520 F.3d 656, 658 (6th Cir. 2008) (citing Fed. R. Crim. P. 52(b)). Under this standard of review, we may correct an error not raised in district court if (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) we determine, after examining the particulars of the case, that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 630-631 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 730 (1993)). We find no such error here.

Under 18 U.S.C. § 3583(d), it is mandatory that a district court "order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act [SORNA], that the person comply with the requirements of that Act." 18 U.S.C. § 3583(d). Here, the district court did not determine that Crain's offense of conviction was a "sex offense" as defined by SORNA, nor did the district court order, as an explicit condition of supervised release, that Crain comply with the requirements of SORNA. Rather, the district court imposed, as a discretionary condition of supervised release, the requirement that Crain register as a sex offender in his state of residence "as directed by the

10

probation officer."[3]  There is no indication in the record that the district court directed Crain to register pursuant to the provisions of SORNA.  Thus, we find no error.

Similarly, the issues raised by Crain concerning the alleged constitutional infirmities of SORNA are not properly before us because they were not raised in the district court. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998) (issues raised for the first time on appeal generally will not be considered, unless refusal to do so would be plain error or would result in a fundamental miscarriage of justice).

**CONCLUSION**

For the reasons set forth above, we affirm the district court's judgment and sentence because we conclude that the district court acted within its discretion in requiring Crain to register as a sex offender with his state registry as a special condition of his release, as directed by his probation officer.

AFFIRMED IN PART AND DISMISSED IN PART

---

[3] The district court imposed six other special conditions, including: participating in a mental health counseling program, undergoing an evaluation for sex offender treatment, prohibiting the use of the Internet, submitting to random polygraphs, and participating in a substance abuse program.  Crain did not challenge any of these other requirements in this appeal.

11